**FILED**

NOV 1 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL K. JACOBS,<br>2300 M Street NW<br>Suite 838<br>Washington, D.C. 20037, and,<br><br>NANCY HECKERMAN<br>2300 M Street NW<br>Suite 838<br>Washington, D.C. 20037,<br><br>    PLAINTIFFS,<br><br>v.<br><br>SIDNEY S. FRIEDMAN<br>2512 Caves Road<br>Owings Mills, Maryland 21117, and,<br><br>FRANCES S. FRIEDMAN<br>2512 Caves Road<br>Owings Mills, Maryland 21117,<br><br>    DEFENDANTS. | CASE NO:_____<br><br>JUDGE:_____<br><br><br>**COMPLAINT FOR EQUITABLE**<br>**LIEN ON REAL PROPERTY**<br><br>**JURY TRIAL DEMANDED**<br><br><br>Case: 1:07-cv-02057<br>Assigned To : Walton, Reggie B.<br>Assign. Date : 11/14/2007<br>Description: Pro Se General Civil |

JURY ACTION

## COMPLAINT FOR EQUITABLE LIEN ON REAL PROPERTY

Notice is hereby given that this *in rem* action is filed against the specific property so

named in this Complaint that is owned, or leased, by Defendants Sidney S. Friedman and Frances

S. Friedman, and/or their so named heirs, trusts, corporate entities for which they are officers or

financial contributors and any of their directly and indirectly owned organizations and enterprises

including all of their foreign corporations, which may have interest in this property.

This Equitable Lien is filed pursuant to the criminal actions taken by the named

Defendants named in the 'AMENDED COMPLAINT FOR CONSPIRACY UNDER

RACKETEERING INFLUENCED CRIMINAL ORGANIZATION ACT (RICO)' filed in this Court as Case Number: 1:07CV1625 in this Court on October 12, 2007. It is alleged that said Defendants in that case who are Sidney S. Friedman, Greg I. Rose,  Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan have conducted, and are conducting, a pattern of racketeering activities in the property stated in this Complaint pursuant to, but not limited to, Title 18 U.S.C.A. § 1961 (Definitions); Title 18 U.S.C.A. § 1343 (Fraud by wire, radio, or television); and Title 18 U.S.C.A. § 1341 (Frauds and swindles). A copy of that Complaint is attached to this Equitable Lien as 'Exhibit A' and incorporated by reference herein.

That this lien is an equitable cause of action pursuant to the rights granted by Title 18 U.S.C.A. § 1964(a) and (c), which was enacted pursuant to Article I, Section 8, and Amendment IV of the Constitution of the United States, since  some  of the defenses hereafter pleaded are cognizable only in a court of equity.[1]

A. That in addition to the above stated statutes and the pattern of racketeering activities cited  in Case Number: 1:07cv1625, there is  other recently discovered evidence of further violations of the criminal statutes by    Greg I. Rose,  Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan who are in conspiracy and collaboration with enemies of the United States in Canada and other countries, as well as with Defendants Sidney S. Friedman and  Frances S. Friedman, and these liaisons have directly affected the lives and safety of the Plaintiffs and their immediate family, slandered their names, and affected their ability to conduct business in their own offices due to the threats of violence by one or more of  those terrorists with whom Defendant

---

[1] 'Congress ...ascrib[es] to the property a certain personality, a power of complicity and guilt in the wrong." J.W. Goldsmith, Jr.— *Grant  Co. v. United States*,  254 U.S. 505, 510 (1921).

Sidney S. Friedman with  Greg I. Rose and Weinstock, Friedman & Friedman, P.A. are associated

in order to secure funds to pay  for the property cited in this Equitable Lien. [2]

B.  That  the Defendants Sidney S. Friedman and Frances S. Friedman have given  aid and

comfort  to these agents of the enemies of the United States through the levying of War against the

United States    to the detriment of the United States, by  accepting  funds  from  Weinstock,

Friedman & Friedman, P.A. for fees paid by Yelin Shi and Yu Fan which have been laundered

within the United States, and outside the United States in violation of Title 18 U.S.C.A. § 1956

(Laundering  of monetary  instruments) and Title 18 U.S.C.A. § 1957 (Engaging  in monetary

transactions in property derived from specified unlawful activity).

C.  That by accepting funds from these parties who have levied War against the United

States through RICO conspiracies formed through RICO enterprises in violation of Title 18

U.S.C.A. § 241 (Conspiracy against rights) and Title 18 U.S.C.A. § 242 (Deprivation of rights

under color of law), this equitable lien is also filed pursuant to numerous violations of the Patriot

Act as enacted by Congress on October 26, 2001, otherwise known as Title 18 U.S.C.A. § 2331

(Definitions) and Title 18 U.S.C.A. § 2332b (Acts of terrorism transcending national boundaries).[3]

---

[2] Section 121: **Definition of Terrorist Activities.**
    This section adds a definition of  "terrorist activities" to the definitional section for the chapter
of the criminal code  governing electronic surveillance (chapter 119). The definition encompasses
criminal acts of domestic and international terrorism as defined in 18 U.S.C. § 2331, together with
related preparatory, material support, and criminal activities.

[3] Section 123: **Extension of Authorized Periods Relating to Surveillance and Searches in
Investigations of Terrorist Activities.**
    In *Katz v. United States*, 389 U.S. 347 (1967), the Supreme Court  held for the first time that
government wiretapping was subject to the Fourth Amendment. In response, Congress enacted
Title III ofthe 1968 Omnibus Crime Control and Safe Streets Act, 28 U.S.C. §§ 2510-2522, which
governs electronic surveillance for all federal criminal offenses. Congress also subsequently
enacted the Electronic Communications Privacy Act (ECPA), 18 U.S.C. §§ 2701-2712, which
addresses government access to stored communications, and established statutory standards and
procedures  for the use of pen registers and trap and trace devices, 18 U.S.C.§§ 3121-3127.

D.  That these Plaintiffs have appealed to the Attorney General of the United States to order the forfeit of this property, and any related personal property, pursuant to: Title 18 U.S.C.A. § 1963 (Criminal penalties), Title 18 U.S.C.A. § 981 (Civil forfeiture); Title 18 U.S.C.A. § 982 (Criminal forfeiture); Title 18 U.S.C.A. § 983 (General rules for civil forfeiture proceedings); Title 18 U.S.C.A. § 984 (Civil forfeiture of fungible property); Title 18 U.S.C.A. § 985 (Civil forfeiture of real property); and, Title 18 U.S.C.A. § 986 (Subpoenas for bank records).

E.  That Defendants Sidney S. Friedman and France S. Friedman are not  innocent parties in this equation. The Defendants have been aware of what transactions are being conducted and controlled, and are knowledgeable of where and how the funds were obtained by Sidney S. Friedman, Greg I. Rose,  Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan which finances this property through salary and other payment arrangements. It is the burden of Defendant Frances S. Freidman to prove that she had no connection with the aforementioned other parties cited in Case Number: 1:07cv1625 and that she has received no income from any of these parties, or special considerations for the involvement in the SUA's cited in this Complaint or the aforementioned complaint.

F.  That Plaintiffs assert that it is imperative  that the Attorney General of the United States process the request for these forfeitures for these assets as expeditiously as possible pursuant to Title 18 U.S.C.A. § 981 (Civil forfeiture) and Title 18 U.S.C.A. § 1963 (Criminal penalties) since

---

Further, because Katz and progeny specifically stated that the Court did not hold that the same Fourth Amendment restrictions applied with respect to the activities of foreign  powers and their agents, in 1978 Congress enacted the Foreign Intelligence Surveillance Act, 50 U.S.C. §§ 1801-1862, which establishes standards applicable to surveillance of foreign powers and agents of foreign powers--including electronic surveillance, physical searches, and use of pen registers and trap and trace devices--in relation to the investigation of such matters as  international terrorism and espionage. (Domestic Security Enhancement Act of 2003 (DSEA) or Patriot Act II—January 9, 2003)

justice has been denied, and contrived, in previous proceedings due to violations of Title 18 U.S.C.A. § 241 (Conspiracy against rights) and Title 18 U.S.C.A. § 242 (Deprivation of rights under color of law).

G. That justice will only prevail after criminal indictments are issued and submitted as evidence for the civil proceedings so that the Plaintiffs can recover from the most grievous losses and irreparable damages inflicted by Defendants Sidney S. Friedman and Frances S. Friedman with Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan through criminal actions with third parties under color of the law since Yelin Shi an Yu Fan are directly financed by the those who have previously stolen over $1,500,000.00 from these Plaintiffs through fraudulent bank transfers to The Peoples Republic of China for which the Plaintiffs have received evidentiary and certified proof.

H. That Plaintiffs aver that these assets should immediately be seized and or converted as soon as possible so that any of these corrupted funds cannot be converted into covinous and fraudulent transfers designed "to delay, hinder or defraud creditors and others" of assets to third parties since such funds cannot be used for defense of said RICO violations.

> The modern law of fraudulent transfers had its origin in the Statute of 13 Elizabeth, which invalidated "covinous and fraudulent" transfers designed "to delay, hinder or defraud and others." ... English courts soon developed the doctrine of "badges of fraud": proof by a creditor of certain objective facts (for example, a transfer to a close relative, a secret transfer, a transfer of title without transfer of possession, or grossly inadequate consideration) would raise a rebuttable presumption of actual fraudulent intent.[4]

I. __That Plaintiffs assert their right to ask the Department of Justice to implement Title 18 U.S.C.A. § 1966 (Expedition of actions), since the Plaintiffs are allowed to plead the Attorney General of the United States to file a certificate stating that in his opinion the case__

---

[4] *BFP v. Resolution Trust Corp.*, 128 Led. 2d at 566 (citations omitted).

**is of general public importance and request that the chief judge should *"designate immediately a judge of that district to hear and determine action."***

If the Plaintiffs' have erred it is because they attempted to conduct legitimate business transactions with persons who were only interested in criminal business dealings. Bribery is the main way that these foreign persons conduct their business transactions. Bribery of everyone from the relative back home they buy their goods, to the inspectors at the ports, the receivers on the other end of the transactions, and when Plaintiffs refused to pay these briberies the conflicts began. The main problem is that these persons were not loyal Americans, but foreigners with no allegiance to the American set of values and ideals.

That Plaintiffs aver generally that all conditions precedent have been performed or have occurred, and plaintiffs state the following, to-wit:

## I.  THE  PARTIES

1.      The names and addresses of the plaintiffs are as follows:

a.  SAMUEL K. JACOBS, (hereafter known as "Jacobs"), is the Financial Director of the Main Street Computers Computer Systems, Inc., and is responsible for procuring contracts for the computer software company. He is also a jeweler and goldsmith who has helped finance the computer company. His address is 2300 M Street NW,  Suite 838, Washington, D.C.  20037, and

b.  NANCY HECKERMAN, (hereafter known as "Heckerman"), is the President of the Main Street Computers Computer Systems, Inc., and is responsible for procuring contracts and engineering employees or sub-contractors for designing computer software  which the company provides. Her address is 2300 M Street NW,  Suite 838, Washington, D.C.  20037. Except where the context is otherwise indicated, reference to "Plaintiffs" refers to each of the named Plaintiffs.

2.    On information and belief, the names and addresses of the defendant corporations and individuals are as follows:

a.    SIDNEY S. FRIEDMAN, individually and jointly, resides at 2512 Caves Road, Owings Mills, Maryland 21117, and is a partner in Weinstock, Friedman & Friedman, P.A. which is located at Executive Centre, 4 Reservoir Circle, Baltimore, Maryland 21208-3701He is the purported husband of Frances S. Friedman.

b.    FRANCES S. FRIEDMAN, individually and jointly, resides at   2512 Caves Road, Owings Mills, Maryland 21117, and is believed to be the wife of Sidney S. Friedman or some other relative who resides with him.

## II. JURISDICTION AND VENUE

3.    That the jurisdiction for this cause lies with Title 28 U.S.C.A. § 1331 (Federal Question) and Article III, Section 3, due to the treasonous acts that this Defendant has committed through its association with Enemies of the United States, and, pursuant to:

a.    Article I, § 8, cl. 3 of the Constitution of the United States which is commonly referred to as the Commerce Clause and which gives Congress the power *"[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes."*

b.    Article I, § 9, cl. 3 of the Constitution of the United States: *"No Bill of Attainder or ex post facto law shall be passed."*

c. Amendment IV of the Constitution of the United States:  *"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and the persons or things to be seized."*

d.      Amendment V of the Constitution of the United States: " ..., *nor be deprived of life, liberty, or property, without due process of law; ... "

e.      Amendment XIV of the Constitution of the United States: " . . .*nor deny to any person within its jurisdiction the equal protection of the laws.* "

4.      The RICO statutes were enacted by Congress pursuant to Article I of the Constitution and are the statute jurisdiction upon which this Complaint also chiefly relies as follows:

a.      Title 18 U.S.C.A. § 1964 (c) (Civil remedies);

b.   Title 18 U.S.C.A. § 1962(a) (Prohibited activities) which provides for the forfeiture of any interest acquired in violation of any part of the statute;

c.      Title 18 U.S.C.A. § 1961(1)(E): *"any act which is indictable under the Currency and Foreign Transactions Reporting Act,"* ;

d.      Title 18 U.S.C.A. § 1956(c)(7)(F) (Laundering of monetary instruments), specifically:

e.      Title 42 U.S.C.A. § 1983, (Civil action for deprivation of rights);

f.   Title 42 U.S.C.A. § 1985 (2) and (3); (Conspiracy to interfere with civil rights); and,

g.   Title 28 U.S.C.A. § 1343 (Civil rights and elective franchise).

5.      And, under the Domestic Security Enhancement Act of 2003 (DSEA) or Patriot Act II—January 9, 2003): Title 18 U.S.C.A. § 2331 (Definitions) and Title 18 U.S.C.A. § 2332b (Acts of terrorism transcending national boundaries).

6.   The following statutes also apply to the jurisdiction:

The laws enacted thereof entitled Title 18 U.S.C.A. § 1346 (Definition of "scheme of artifice to defraud") in conjunction with the <u>RESTATEMENT (SECOND) OF RESTITUTION, QUASI CONTRACTS, AND CONSTRUCTIVE TRUSTS</u>, § 202(c). Also, the laws of forfeiture as applied to fraudulent transfers pursuant to Title 18 U.S.C.A. § 1963 (Criminal penalties), Title 18 U.S.C.A. § 981 (Civil forfeiture); Title 18 U.S.C.A. § 982 (Criminal forfeiture); Title 18 U.S.C.A. § 983 (General rules for civil forfeiture proceedings); Title 18 U.S.C.A. § 984 (Civil forfeiture of fungible property); Title 18 U.S.C.A. § 985 (Civil forfeiture of real property); and, Title 18 U.S.C.A. § 986 (Subpoenas for bank records).

7. That, furthermore, in conjunction with the aforementioned violations of the Constitution of the United States, the Plaintiffs cite the following statutes which the Defendants are alleged to have violated:

    a.  Title 18 U.S.C.A. § 241 (Conspiracy against rights);

    b.  Title 18 U.S.C.A. § 875(b),(c), and (d) (Interstate communications);

    c.  Title 18 U.S.C.A. § 2112 (Personal property of the United States) ;

    d.  Title 18 U.S.C.A. § 2313 (Bank robbery and incidental crimes);

    e.  Title 18 U.S.C.A. § 1028 (Fraud and related activity in connection with identification documents, authentication features, and information);

    f.  Title 18 U.S.C.A. § 1028A. (Aggravated identity theft);

    g.  Title 18 U.S.C.A. § 1343 (Fraud by wire, radio, or television);

    h.  Title 18 U.S.C.A. § 1346 (Definition of "scheme or artifice to defraud");

    i.  Title 18 U.S.C.A. § 1951 (Interference with commerce by threats or violence);

    j.  Title 18 U.S.C.A. §1952 (Interstate and foreign travel or transportation in aid of

racketeering enterprises);

k. Title 18 U.S.C.A. § 1956 (Laundering of monetary instruments);

l. Title 18 U.S.C.A. § 1957 (Engaging in monetary transactions in property derived from specified unlawful activity);

m. Title 18 U.S.C.A. § 1959 (Violent crimes in aid of racketeering activity);

n. Title 18 U.S.C.A. § 2332b (Acts of terrorism transcending national boundaries);

o. Title 18 U.S.C.A. § 2314 (Transportation of stolen goods, securities, moneys, fraudulent State tax stamps, or articles used in counterfeiting);

7. That venue for this Complaint is based pursuant to Title 28 U.S.C.A. § 1391(b) (Venue generally), and the clause in that statute which states: "*except as otherwise as provided by law*", is the criteria by which this Complaint is filed pursuant to Title 18 U.S.C.A. § 1965 (a) (Venue and process) which designates that a proceeding may be instituted in any court in any district (of a United States District Court) wherein a defendant "*resides, is found, has an agent, or transacts his affairs.*"

8. That Plaintiffs aver that this Complaint in no respect should eliminate or limit the Plaintiffs' participation on claims which may evolve pursuant to Title 18 U.S.C.A. § 1963 (f) when deemed applicable and feasible by the Attorney General of the United States.

9. That the value in controversy is over $75,000.00 and the parties, or their incorporated place of business, are citizens of, or reside in, different states.[5] The Plaintiffs claim damages in excess of $2,300,000.00. Trial by Jury requested pursuant to **Amendment VII** of the Constitution of the United States and **Rule 38 of the Federal Rules of Civil Procedure**.

---

[5] A person has statutory standing if the person has constitutional standing and is within the plaintiff class the statute creates. *Federal Election Commn. v. National Conservative Political Action Comm.,* 470 U.S. 480, 484-490 (1985).

## III.  DESCRIPTION OF REAL PROPERTY

10.    That  the hereinafter described real estate occupied by said Sidney S.Friedman and

Frances S. Friedman, Defendants, be charged with the payment of the Plaintiffs' claims thereof

pursuant to Title 18 U.S.C.A. § 1964 (a)[6] and (c); and that the same be declared a lien thereon for

the payment of which said property may be sold.

11.    The property  and entire building affected by said action are situated in the County

of  Baltimore, State of Maryland, and are described as follows:

>    2512 Caves Road,
>    Owings mills, Maryland 21117

LEGAL DESCRIPTION:
>    3.766 AC NWS CAVES R
>    PARK HEIGHTS AV

>    Map: 59       Grid: 7       Parcel: 208        Deed Reference: 1) /6778/ 141

12.    That the Defendants' RICO  activities constitute a great and irreparable injury to

Plaintiffs' personal name and integrity,  the deprivation of life, liberty, and property without due

process of the laws pursuant to Amendment V and Amendment XIV of the Constitution of the

United States,  and  without  equal  protection  of  the  laws  pursuant  to  Amendment  V  of  the

Constitution,  from the nature and character of which injury  redress at law would be uncertain and

---

[6] § 1964(a): The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions  on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; *or ordering dissolution or reorganization of any enterprise,  making due provision for the rights of innocent persons.* (Emphasis added).

inadequate, and the damages resulting thereof impossible of ascertainment.    Therefore, this Equitable Lien is hereby filed.

## IV.   INTRODUCTION  AND BACKGROUND

13.    That Plaintiffs state that the property  upon which the proceedings for  this Equitable Lien are initiated  has been used  and is being used for specified unlawful purposes, [7]  or is the result of the Defendant's participation in specified unlawful activities for which Title 18 U.S.C.A. § 1963 (Criminal penalties), Title 18 U.S.C.A. § 1956 (Laundering of monetary instruments),   Title 18 U.S.C.A. § 1957 (Engaging in monetary transactions in property derived from specified unlawful activity) and Title 18 U.S.C.A. § 981 (Civil forfeiture)[8] were enacted. Congress intended the term "property involved in" to be broadly construed to include not only the funds laundered, but any fees earned for the money laundering, and all property facilitating the money laundering activities.

> E.g., 134 Cong. Rec. 27419 (Nov. 10, 1988) ("[T]he term 'property involved' is intended to include the money or other property being laundered (the corpus), any commissions or fees paid to the launderer, and any property used to facilitate the laundering offense.") (Section by section analysis of the bill which became Pub.L. 100-690); *United States v. All Monies* ($477,048.62), 754 F.Supp. 1467, 1473 (D.Haw.1991) (hereinafter *"$477,048"*).

14.   That under § 1956 (Laundering of monetary instruments) and Title 18 U.S.C.A. § 1957 (Engaging in monetary transactions in property derived from specified unlawful activity)  the compensation to victims is mandated by the procedure stated in  Title 18 U.S.C.A. § 981 (Civil

---

[7] However, all property is held under the implied obligation that the owner's use of it shall not be injurious to the community, and the owner cannot complain if loss ensues after the law works a forfeiture in the suppression of an evil connected with the use thereof. *State v. McGraw*, 183 N.W. 593, 191 Iowa 1090.

[8] § 981 (a)(1) (Civil forfeiture): *"The following property is subject to forfeiture to the United States: (A) Any property, real or personal, involved in a transaction in violation of section 1956, 1957, or 1960 of this title, or any property traceable  to such property."*

forfeiture)[9] and Title 18 U.S.C.A. § 983 (General rules for civil forfeiture proceedings). Plaintiffs assert that there is reasonable ground and probable cause to believe that such offenses have been committed on that property, and/or this property is the result of the financial gain from those offenses, and that the jurisdiction for this United States District Court is proper.[10] Plaintiffs state as follows:

15.     That this 'Complaint For An Equitable Lien on Real Property' is the result of the aforementioned collaboration of Defendants Sidney S. Friedman and Frances S. Friedman with Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan who have threatened to obtain money and property from the victim Plaintiffs through extortion and theft by conversion in order to maintain the property so stated in this Equitable Lien where the RICO pattern of racketeering activities are being conducted and controlled through Title 18 U.S.C.A. § 241 (Conspiracy against rights) and Title 18 U.S.C.A. § 242 (Deprivation of rights under color of law).

16. That Plaintiffs aver that the acts of the said aforementioned parties to threaten to steal through fraud and conspiracy the goods, equipment, papers, effects and other property from the offices or other property of the Plaintiffs is construed as a violation of Title 18 U.S.C.A. § 1951 (Interference with commerce by threats or violence); Title 18 U.S.C.A. § 2314 (Transportation of stolen goods, securities, moneys, fraudulent State tax stamps, or articles used in counterfeiting);

---

[9] *United States v. Eleven Vehicles*, 836 F. Supp. 1143, 1148-49 (E.D.Pa. 1995) ("As with most forfeiture provisions, the range of property subject to forfeiture is broad;" citing to cases applying § 981 to a wide range of property and situations.)

[10] *United States v. Eleven Vehicles*, 836 F. Supp. 1147, 1155 (E.D.Pa. 1993) (quoting *Money Laundering Crimes Act of 1986*, S.Rep.99-433 (1986) which was quoting *Commission on Organized Crime, The Cash Connection: Organized Crime, Financial Institutions, and Money Laundering*, 8 (1984)), *subsequent decisions*, 898 F. Supp. 1143 (1995) and 937 F. Supp 1143 (1996).

Title 18 U.S.C.A. § 1952 (Interstate and foreign travel or transportation in aid of racketeering enterprises); Title 18 U.S.C.A. § 1959 (Violent crimes in aid of racketeering activity); and Title 18 U.S.C.A. § 875(b),(c), and (d)  (Interstate communications).

17.  That said actions are also indictable pursuant to Title 18 U.S.C.A. § 2331 (Definitions) because of the theft of any documents which might pertain to  the national security of the United States pursuant to Title 18 U.S.C.A. § 2112 (Personal property of the United States)[11] and Title 18 U.S.C.A. § 2113 (Bank robbery and incidental crimes);

> ...The fact that the forfeiture provision reaches assets that could be used to pay attorney's fees, even though it contains no express provisions to this effect, 'does not demonstrate ambiguity' in the statute: 'It demonstrates breadth.' [12]

18.    That Plaintiffs assert that newly discovered  evidence which  is directly related to and indicative of further patterns of racketeering activities by the aforementioned conspirators named as Defendants in  Case Number 1:07CV1625,   has demonstrated the extent to which these conspirators will violate the laws of the United States in order to commit further acts of theft and fraud. This new evidence has necessitated the filing of this 'Complaint for Equitable Lien on Real Property.'

19.  That the compensatory damages to satisfy this basic financial loss and damage to domestic and international commerce due to the pattern of racketeering activities which has caused irreparable damage and injury to the Plaintiffs' business amounts to over $9,962,000.00 and the punitive damages will be determined at trial due to the third party beneficiaries who have informed the Plaintiffs that they are filing lawsuits against these Plaintiffs and Defendant Sidney

---

[11] Any attempt to enter the premises where the Plaintiffs reside, conduct their business, or have an agent, shall be construed as an attempt to steal the property of the United States which may be in the possession of the Plaintiffs due to the status of Plaintiff Samuel K. Jacobs who is an officer under the Executive Branch of the United States.
[12] *United States v. Monsanto*, 491 U.S. 600, 606-07, 609 (1989) (emphasis in original)

S. Friedman with Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan for their breach of contract and inducement to breach contract and the legal counsel's instructions to maintain the breaches of contract—for which they received 'fees'.

20. That the Plaintiffs allege that these damages which have already occurred and will continue to occur, demand that each is responsible and the combined assets of Defendants Sidney S. Friedman and Frances S. Friedman with Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan are going to be are extremely varied, evasive, and movable except for the properties involved where the mail and wire fraud have transpired or which are the result of the pattern of racketeering activities by which they are paying mortgages and other fees for the upkeep of the property.

21. That this RICO enterprise of Defendants Sidney S. Friedman and Frances S. Friedman knew of the money laundering and other fraudulent acts committed in the name of Weinstock, Friedman & Friedman, P.A. which were in violation of the Consumer Protection Act and the Fair Debt Collection Practices Act, and no innocent hands were involved in these transactions. Weinstock, Friedman & Friedman, P.A. represents this typical RICO enterprise which operates to violate the RICO statutes as defined in Title 18 U.S.C.A. § 1956(c)(7)(D) (Laundering of monetary instruments) and § 1961(1) (Definitions).

## V. STATEMENT OF FACT

22. That Plaintiffs aver that said RICO enterprises have committed these alleged acts through multiple and repetitive violations of the Consumer Protection Act and the Fair Debt Collection Practices Act. Plaintiffs are not an isolated issue and discovery will reveal other complaints which have been filed against this RICO enterprise of Weinstock, Friedman & Friedman, P.A. for these same or similar issues.

23. That the involvement of Defendants Sidney S. Friedman and Frances S. Friedmand are involved with the other aforementioned parties in the cause of this Equitable Lien who are the subject of other outstanding lawsuits, and are involved in transactions in which two or more parties exchange property and some of the property is the proceeds of an SUA. Most common is the exchange of real property with special incentives to perform some task which the other party would not have had the ability to perform without the extra incentive. Real estate is the common denominator in these instances since artificial mortgages for the property can be arranged, prices well above the appraisal price, or well below the appraisal price, or artificial owners listed on the deed and then later changed after closing, can disguise the real purchasers of the property and how it was acquired—or leased. Plaintiffs will provide substantial proof of these allegations at trial.

> When property is acquired with a false loan application, the whole property, not just the amount of the loan, is forfeitable as "involved in" the transaction with the proceeds of the bank, mail or wire fraud.[13]

### A. Wire Fraud and Related RICO Activities

24. That foremost in the list of properties owned by the Defendants is the property which is the subject of this Equitable Lien and which the Plaintiffs assert is one of the main locations and property where the majority of RICO activities occurred through wire fraud pursuant to Title 18 U.S.C.A. § 1343 (Fraud by wire, radio, or television).

25. That Defendant Sidney S. Friedman has made numerous interstate and telephone calls and facilitated other interstate wire systems and wire facilities in repeated violations of Title 18 U.S.C. § 1343 (wire fraud). The use of interstate and foreign wire systems included but were not limited to implied banking threats of murder, and threats of kidnapping or other violent acts

---

[13] *United States v. One 1990 Porsche*, 807 F. Supp. 371, 373 (D.Md. 1992) (false loan application resulted in an $18,000 loan which provided part of the purchase price of a vehicle for $73,500).

through interstate telephone calls to the plaintiffs to and from Canada, the States of Maryland, Virginia, other States and countries, the purpose of which was to enter into, execute, effectuate, facilitate, and promote the aforesaid frauds and schemes to support this property.

26. That Plaintiffs aver that under Title 18 U.S.C.A. § 1343 (Fraud by wire, radio, or television) and Title 18 U.S.C.A. § 1341 (Frauds and swindles) Defendants Sidney S. Friedman and Frances S. Freidman, have received income from Weinstock, Friedman & Friedman, P.A., for the numerous RICO acts formed through wire fraud which includes the recent RICO enterprise of conspiracy formed by Defendant Sidney S. Friedman, Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan with Vijay Patel and Dilip Patel of Montreal, Canada.

27. That Vijay Patel and Dilip Patel, Citizens or residents of Canada, have already stated in detail to the Plaintiffs, and others, that they have given statements of their overt acts of their conspiratorial activities with Sidney S. Friedman, Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan including the Plaintiffs' banking information which is deemed as identity theft pursuant to Title 18 U.S.C.A. § 1028 (Fraud and related activity in connection with identification documents, authentication features, and information) and Title 18 U.S.C.A. § 1028A. (Aggravated identity theft). Evidence of this conspiracy will be revealed by discovery and who represents Vijay Patel and Dilip Patel in court.

28. That said acts of identity theft were submitted through wire fraud pursuant to Title 18 U.S.C.A. § 1343 (Fraud by wire, radio, or television), and another new RICO enterprise of conspiracy was formed pursuant to Title 18 U.S.C.A. § 241 (Conspiracy against rights). Said RICO conspiratorial enterprise has also committed other tort actions for invasions of right to

privacy, slander, and libel. *But, foremost in the list of criminal activities of this RICO group of RICO criminals are the crimes that they have conspired to commit against the United States.*[14]

29. That through wire fraud a conspiracy was formed to plan and execute the overt acts of extortion, threats of theft, larceny, actual and intended violations of the laws of the United States, and other RICO predicate acts through which these schemes were effected in violation of Title 18 U.S.C.A. § 241 (Conspiracy against rights) and Title 18 U.S.C.A. § 242 (Deprivation of rights under color of law). Sidney S. Friedman has appeared in the State court to make sure that the conspiracies are completed as requested and the transcripts reflect this prejudice. His request for 'Appropriate relief' was a signal to permit theft by conversion under color of the law.

30. That within the offices of Weinstock, Friedman & Friedman, P.A. these patterns of racketeering activities have been executed in violation of Title 18 U.S.C.A. § 2113 (Bank robbery and incidental crimes) and Title 18 U.S.C.A. § 875 (Interstate communications) as cited under Title 18 U.S.C.A. § 1956(c)(7)(D) (Laundering of monetary instruments) through interstate and international commerce in violation of Title 18 U.S.C.A. § 1952 (Interstate and foreign travel or transportation in aid of racketeering enterprises) pursuant to Title 18 U.S.C.A. § 1961 (Definitions), and the proceeds of the criminal activities which support the property which is the subject of this Equitable Lien.

31. That Title 18 U.S.C.A. § 2113 (a) (Bank robbery and incidental crimes) states:

*"Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property*

---

[14] *United States v. One 1987 Mercedes Benz*, 820 F. Supp. 248, 252 (E.D.Va.1993) (claimant admitted $12,901 check was proceeds of the SUA, extortion, but argued $9,000 was form an untainted source. "This argument fails because the forfeiture is triggered not by the extortion itself, but by the purchase of the vehicle, which was a prohibited money laundering activity. Thus, it is the entire vehicle that was involved in the money laundering transaction, not merely the funds traceable to the extortion. And it is therefore the entire vehicle that is subject to forfeiture.")

*or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan;*

*Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, or building, or part thereof, so sued, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—*

*Shall be fined under this title or imprisoned not more than twenty years, or both."*

32. That Defendants Sidney S. Friedman and Frances S. Friedman, along with Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan, know that they have executed feloniously obtained judgments through fraud and conspiracy and the Plaintiffs have obtained the necessary evidence of these criminal acts pursuant to Title 18 U.S.C.A. § 241 (Conspiracy against rights) to prove that the conspiracy is now unequivocally complete. This will be presented in a separate cause of action.

*B. Prohibited Activities*

33. That Plaintiffs further allege that Defendants Sidney S. Freidman and Frances S. Friedman have conducted and controlled the RICO enterprises from this property and paid for this property with the proceeds from these RICO activities which are the subject of this Equitable Lien and these RICO activities have operated to effectuate these irreparable damages and injuries against the Plaintiffs' domestic and international commerce pursuant to Title 18 U.S.C.A. § 1962 (b), (c), and (d) (Prohibited activities).

34. That, therefore, the Plaintiffs may sue for appropriate relief for these irreparable injuries and damages pursuant to Title 18 U.S.C.A. § 1964(c) (Civil remedies) :

*"Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefore in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no personally rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962."*

35.   That there are newly discovered racketeering activities which are demonstrative of the white collar crimes which initiated the enactment of the civil Racketeering Influenced Criminal Organization Act (RICO) of 1970, and Defendants Sidney S. Freidman and Frances S. Freidman are benefiting from the acts of Weinstock, Friedman & Friedman, P.A. for Yelin Shi, and Yu Fan who are violating these statutes through RICO enterprises and operations for their multiple businesses in the States of Maryland and Virginia, the District of Columbia, and other States and countries known and not known.[15]

36.   That this complaint also adds to the list of predicate acts instigated by Sidney S. Friedman, Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan the overt acts of threats of violence pursuant to Title 18 U.S.C.A. § 1951 (Interference with commerce by threats or violence); Title 18 U.S.C.A. § 1959 (Violent crimes in aid of racketeering activity); and theft by conversion pursuant to Title 18 U.S.C.A. § 2314 (Transportation of stolen goods, securities, moneys, fraudulent State tax stamps, or articles used in counterfeiting).

37.   That this unauthorized invasion of privacy and violation of the laws has affected the Plaintiffs' ability to do business through character assaults and slanderous innuendos to banking establishments in violation of Title 18 U.S.C.A. § 1962(c) and (d).

38.   That said Defendants Sidney S. Friedman and Frances S. Freidman along with Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan, have committed overt and predicate acts of RICO violations and have unlawfully, willfully, and knowingly received income derived from, directly and indirectly, and have used and invested, directly and

---

[15] § 981 (a)(1)(D): Any property, real or personal which represents or is traceable to the gross receipts obtained, directly or indirectly, from a violation of—(v) section 1341 (relating to mail fraud) ; or (vi) section 1343 (relating to wire fraud).

indirectly, such income or the proceeds thereof in the promotion and continuation of the RICO

enterprises as aforementioned in this complaint in violation of Title 18 U.S.C. § 1962 (a).

*C. Commingled Funds*

39.    That the object of this said action is for the purpose of having it adjudged that the

Plaintiffs, Samuel K. Jacobs and Nancy Heckerman, do have a claim upon real property in order to

recover from judgment in *Samuel K. Jacobs, et al, v. Sidney S. Friedman, et al,* a sum  of

$9,292,000.00, which shall be trebled pursuant to a claim filed under Title 18 U.S.C.A. § 1964 (c)

(Civil remedies) with interest thereon from April, 2004, besides the punitive damages, and costs of

these actions. Proceeds from the RICO activities of Defendants Sidney S. Friedman and Frances

S. Freidman, and  Greg I. Rose,  Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan

have commingled with otherwise legitimate funds and have supplied payment for this property.

> *Edgecombe Bank & trust Co. v. Barrett*, 238 N.C. 579, 586 (1953). The victims are within
> their rights to say, "We are entitled to pursue the just so long as we can track the fox; and not
> until we lose the trail are we obliged to abandon the chase, call our dogs and go home." *Jarrett
> v. Green,* 230 N.C. 104, 108 (1949). Less colorfully, "where the converted property has
> assumed altered forms by successive investments, the owner may follow it as far as he can
> trace it and sue at law for the substituted property, or he may hold the wrong does liable for
> appropriate damages." [16]

40.    That as previously inferred, other  monetary  claims  are being demanded by  the

Plaintiffs in this  'Complaint for Equitable Lien on Real Property' due to the newly discovered

evidence which substantiates the Plaintiffs' claims of patterns of racketeering activities which

involve violations of  Title 12 U.S.C.A. banking laws,  Title 26 U.S.C.A. Internal Revenue Service

laws, Title 18 U.S.C.A.,  and the Patriot Act. That the violations of these laws as enacted by

Congress are defined  pursuant  to Title 18  U.S.C.A.: § 1961(1) (Definitions), § 1956 (c)(7)(D)

---

[16] *May v. LeClaire,* U.S. (11 Wall.) 217, 235-236, 20 L.Ed. 50, 54 ( 1871). Federal Money
Laundering; Crimes and Forfeiture, by  B. Frederic Williams, Jr. and Frank D. Whitney (1999),
unless otherwise noted.

(Laundering of monetary instruments); § 1964(c) (Civil remedies);  § 1962 (Prohibited activities); and §1965 (Venue and process).

41.  That this complaint is filed in compliance with, and is definitely sufficient to meet the requirements of Amendment VI of the Constitution of the United States that the accused are informed of the nature and cause of the accusations.[17]

42.  That the Defendants have no standing to assert rights under Amendments IV and V of the Constitution of the United States with respect to bank records of payment of salary, cash deposits, electronic transfers,  and stock proceeds from the alleged criminal entities, Weinstock, Friedman & Friedman, P.A. and any business entities of which Sidney S. Friedman and the other conspirators are partners, owners,  have interest, or are associates in fact.[18]

"Restitution ordinarily compels return of the specific trust property since  this  remedy  is designed to return both the wrongdoer and the victim to the status quo ante. When  restitution in species is impossible,  restitution   requires  the wrongdoer to return its proceeds as a substitute. When money  must be substituted, the amount is measured by the  greater  of  the victim's loss (returning the victim to status quo ante) or the wrongdoer's gain (returning the wrongdoer to status quo ante by  depriving  him  of all proceeds of his wrongdoing), at the victim's choice. Sometimes the loss is not the amount misappropriated, but what profits the victim would have made." [19]

43.  That falsely charging someone in business with being insolvent or bankrupt or owing money to the I.R.S. is libel per se since the Plaintiff's credit is essential to her or his business. Damages should be awarded to the Plaintiffs solely on what has been said to banking institutions or businesses which assess credit worthiness since the Plaintiffs have suffered anguish through the false representation of the character, amount or legal status of a fraudulently entered debt as

---

[17] *Coplin v U.S,*  C.C.A.9 (Wash.) 1937, 88 F.2d 652, certiorari denied 57 S.Ct. 929, 301 U.S. 703, 881 L.Ed. 1357.
[18] *Dosek v. U.S.,* C.A.8 (Neb.) 1968, 405 F.2d, certiorari denied 89 S.Ct. 2014, 395 U.S. 943, 23 L.Ed.2d 461.
[19] Federal Money Laundering: Crimes and Forfeiture, by  B. Frederic Williams, Jr. and Frank D. Whitney (1999), unless otherwise noted.

claimed by Defendant Sidney S. Friedman with Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan who are in collaboration with Defendant Frances S. Freidman. These acts are lascivious, unconstitutional, libelous and debauched.

44.    That this is an abuse of process since an ulterior motive exists, especially when the records are fraudulently entered or feloniously altered. [20]

45.    That the Defendants' acts are a violation of the Plaintiffs' Fourth Amendment right to be free from unreasonable searches and seizures of the Citizen's person, papers, yet Defendant Sidney S. Friedman along with Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan have continuously violated this constitutional right in violation of Title 18 U.S.C.A. § 241 (Conspiracy against rights) and in collusion with third parties pursuant to Title 18 U.S.C.A. § 242 (Deprivation of rights under color of law). These fraudulent seizures are "gross receipts a person obtains, directly or indirectly, as a result of a violation of section 1956 or 1957" or property traceable to such gross receipts. This is known as the "gross receipts" standard. [21]

## D. Domestic and International Terrorist Activities

46.    That under Title 18 U.S.C.A. § 2331 (Definitions), and Title 18 U.S.C.A. § 2332b (Acts of terrorism transcending national boundaries), the aforementioned Defendants Sidney S. Friedman and Frances S. Friedman along with Greg I. Rose, Weinstock, Friedman & Friedman,

---

[20] *United States v. McHan*, 101 F.3d 1027, 1041-43 (4th Cir.1996) *("McHan IV")* (proceeds includes all property received as a result of the violation without any deductions for cost of goods sold or expenses of doing business), *cert. denied,* 520 U.S. 1281, 117 S.Ct. 2468, 138 L. Ed. 2d 223 (1997). Or the "fee" for launderers of their own illegal proceeds is the totality of the property they receive in the money laundering transaction as property they can pretend to own legitimately.
[21] Section 982(a) provided that "[t]he court, in imposing sentence on a person convicted of an offense under section 1956 or 1957 of this title shall order that the person forfeit to the United States any property, real or personal, which represents the gross receipts the person obtained, directly or indirectly, as a result of such offense, or which is traceable to such gross receipts." Pub. L. 99-570, Title I, § 1366(a), 100 Stat. 3207-39 (Oct. 27, 1986).

P.A., Yelin Shi and Yu Fan have joined Vijay Patel and Dilip Patel  who have threatened to commit or have committed these criminal acts of violence for theft by conversion or force, or threatened conspiracy to commit murder directly against the Plaintiffs or  their family, and  have threatened the kidnapping of small children through wire fraud in internet messages and telephone answering machines.

47.  That Defendants Sidney S. Friedman and Francs S. Friedman with   Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan can be labeled as domestic terrorists if their activities are *"dangerous to human life"* in violation of Title 18 U.S.C.A. § 2331. Certain members of these parties know of the health conditions of the Plaintiffs and have purposely verbally attacked them with threats of kidnapping and molestation of their grandchild in order to induce fear of death, and this is attempted murder in violation of  Amendment IV and Title 18 U.S.C.A. § 1117 (Conspiracy to murder).

48.    That  Defendants Sidney S. Friedman and Frances S. Freidman with Greg I. Rose, Yelin Shi and Yu Fan are using Weinstock, Friedman & Friedman, P.A. as  a diverse *"direct-action"* organization in order to operate as a **domestic terrorist group**. The actions of these Defendants and their  associates are an all out attack on a Citizen without probable cause.

49.    That the **ulterior motive** for this threat of theft by conversion is to  destroy the lives of other humans beings because the truth about the money laundering, fraud, treason, bank embezzlement, and other criminal acts committed through RICO violations were revealed in  Case Number:107cv1625 in this United States District Court.

50.  That since Defendants Sidney S. Friedman and Frances S. Freidman, Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan have joined Vijay Patel, and his known Al Qaeda associates, they are now part of the  terrorist acts planned against the Untied

States which  are violations of the Patriot Act, Title 18 U.S.C.A. § 2332b (Acts of terrorism transcending national boundaries) and restitution for the United States, and the Plaintiffs, are just pursuant to Title 18 U.S.C.A. § 982 (Criminal forfeiture).

51.  That Plaintiffs assert that  Defendants Sidney S. Friedman and Frances S. Freidman, Greg I. Rose,  Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan have collaborated with Vijay Patel and Dilip Patel to join  this conspiracy which has made these fraudulent and felonious claims against not only the Plaintiffs, but against the United States,  through violations of Title 18 U.S.C.A. § 1956 (Laundering of monetary instruments) and Title 18 U.S.C.A. § 1957 (Engaging in monetary transactions in property derived from specified unlawful activity).

52.  That since Vijay Patel and Dilip Patel live in another country, the assets of their coconspirators within the United States must be seized to satisfy their financial obligations to the Plaintiffs, and for their planned and actual criminal acts against the United States and Officers of the United States.

## VI.  COURT AUTHORITY OVER ASSETS

53.  That  in order for the Plaintiffs to obtain the appropriate and adequate relief for the RICO crimes committed against their businesses, their associates and their personal lives, which have affected, through a pattern of racketeering activities, the Plaintiffs' ability to conduct international and domestic commerce,  the Plaintiffs will file a request that  the Court issue a pretrial restraining order or other action necessary to ensure that any bank account or other property held by the Defendants Sidney S. Freidman and Frances S. Freidman  in the United States is available to satisfy a judgment under Title 18 U.S.C.A. § 1956 (b)(3) (Laundering of monetary instruments).

54. That in *United States v. Certain Funds on Deposit in Account No. 01-0-71417*, the Eastern District of New York followed *United States v. All Monies* ($477,048.62), [22] in that it held that *"section 981 (a)(1)(A) applies to property used to facilitate the alleged criminal violations."* [23] This major precedent case refused to limit the forfeiture to the amount in seized accounts which could be traced to the SUA, and stated:

> Limiting the forfeiture of funds under these circumstances to the proceeds of the initial fraudulent activity would effectively undermine the purpose of the forfeiture statute. Criminal activity such as money laundering largely depends upon the use of legitimate monies to advance or facilitate the scheme. It is precisely the commingling of tainted funds with legitimate money that facilitates the laundering and enables it to continue. [24]

55. That Plaintiffs aver that Sidney S. Friedman and Edward Friedman are the owners or senior partners of a debt collection firm which is an enterprise that is involved in criminal activities more heavily than legitimate enterprises and business procedures. Sidney S. Friedman and Edward Friedman are each the *respondeat superior* for all of the corporations, subsidiaries, enterprises, and other entities which they control or which are controlled by the enterprise within otherwise legitimate Weinstock, Friedman & Friedman, P.A. which is the main instigator of these predicate and overt acts.

> "Innocent" funds are typically a perquisite to the successful completion of money laundering, the essence of which is the purposeful mixture of tainted money with funds otherwise above suspicion. The more innocent the funds appear to be, the more difficult the crime becomes to detect. Therefore, funds are not immune from forfeiture solely because they are derived from legitimate sources; if such funds are used to effectuate money laundering, they are forfeitable under § 981 (Civil forfeiture), just as an otherwise legitimate dwelling would be under § 881 if used for drug-related activity. [25]

---

[22] 754 F.Supp. 1467, 1473 (D. Haw.1991).

[23] 769 F.Supp. 80, 84 (E.D.N.Y. 1991).

[24] *Id.* at 84-85. This language is repeated by *United States v. Swank Corp.*, 797 F.Supp. 497, 503 (E.D.Va. 1992).

[25] *United States v. Certain Accounts*, 795 F. Supp. 391, 397 (S.D. Fla. 1992) (holding that funds deposited in an account which were "involved in" or "traceable to" money laundering violations shows probable cause for forfeiture of the entire balance in the account on a § 981 (Civil

56.    That Plaintiffs state that the use of mails and wires was reasonably contemplated or reasonably foreseeable because of these predicate acts.

57.    That these corporations, subsidiaries, and entities under the direction of those persons who are 'running the show' have been allowed to abuse the victim Plaintiffs to terrorize them in public. The acts of the Plaintiffs are not criminal acts, and the Plaintiffs have legitimate evidence of their allegations against the Defendant Sidney S. Friedman and Frances S. Freidman, and their other coconspirators have never presented any evidence to the contrary in any other case to demonstrate that they have not violated Title 18 U.S.C.A. § 1956 (Laundering of monetary instruments) and Title 18 U.S.C.A. § 1957 (Engaging in monetary transactions in property derived from specified unlawful activity).

> Where violations of 18 U.S.C. §§ 1956 and 1957 are alleged this facilitation theory is completely logical. When money from illegal sources is commingled with "lean" money, the illegal funds are cleansed and sheltered form detection. A common method of money laundering is the mixing of legitimate and illegitimate money. The clean funds are used to remove the taint of the money derived form illegal sources. … Accordingly, the legitimate funds are subject to forfeiture since they facilitate the concealment of the proceeds of the unlawful activity. [26]

*A.  Conspiracy To Violate Amendment IV Through Fraudulent Misapplication To Bank*

58.    That the Plaintiffs' rights to Privacy have been violated by the Defendants Sidney S. Friedman and Frances S. Freidman and an employee of Chevy Chase Bank by Title 18

---

forfeiture) facilitation theory; also holding, however, that checks written on these accounts and deposited into other accounts did not create a sufficient connection to these "indirect" accounts; since there was no allegation the indirect accounts had been used for money laundering, it dismissed the complaint against those accounts **but allowed the government an opportunity to allege further facts to show probable cause for them).** *United States v. Tencer,* 1993 U.S. Dist. LEXIS 1119 *14 (E.D. La. August 11, 1993) ( quotes the passage from *Certain Accounts* quoted in the text above), aff'd, 107 F.3d 1120 (5th Cir.1997).

[26] *United States v. All Funds (Hadson Toko Trading Co.),* 804 F. Supp. 444, 447 (E.D.N.Y.1992).

U.S.C.A. § 657, (relating to theft, embezzlement, or misapplication by bank officer  employee) and this act  has   violated Amendment IV of the Constitution  of the United States.

59.    That pursuant to Amendment IV,   *"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated,* yet  Defendants Sidney S. Friedman and Frances S. Freidman with   Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu  have   accessed   the Plaintiffs' personal banking information through Vijay Patel and Dilip Patel   and have confiscated the Plaintiffs' bank accounts through fraud.

60.   That since the Defendants have declared  a free for all attack on bank accounts, the Plaintiffs are requesting that the Attorney General of the United States to petition the Honorable Court to grant restitution to the Plaintiffs/victims through *"appropriate relief"* by seizing the bank accounts of Sidney S. Friedman, Francis Friedman, Greg I. Rose,   Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan  pursuant to Title 18 U.S.C.A. § 1956 (Laundering of monetary instruments):

> **"(4) (Federal receiver.—**
> **(A) In general.—***A Court appoint a Federal Receiver, in accordance with subparagraph (B) of this paragraph, to collect, marshal, and take custody, control, and possession of all assets of the Defendant, wherever located, to satisfy a civil judgment under this subsection, a forfeiture judgment under section 981 or 982, or a criminal sentence under section 1957 or subsection (a) of this section, including an order to restitution to any victim of a specified unlawful activity."*

61. That Sidney S. Friedman, Greg I. Rose, and, Weinstock, Friedman & Friedman, P.A. have been conspiring with Vijay Patel, Montreal, Canada, who has confessed that he has submitted information by fax, telephone, and/or internet to Sidney S. Friedman, Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan about the Plaintiffs' personal and business banking accounts and other financial information which Vijay Patel claims he has

obtained by threatening other parties with whom the Plaintiffs are related or with whom they have business affiliations in violation of Title 18 U.S.C.A. § 1951 (Interference with commerce by threats or violence) and Title 18 U.S.C.A. § 1343 (Fraud by wire, radio, or television).

62.    That for these criminal acts committed by Defendants Sidney S. Friedman and Frances S. Freidman in collusion with Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi, Yu Fan, Vijay Patel, and Dilip Patel, there is justifiable restitution due to the Plaintiffs, and, also to third party business associates who have been damaged through these conspirators' actions pursuant to Title 18 U.S.C.A. § 1963 (Criminal penalties) and Title 18 U.S.C.A. § 981 (Civil forfeiture), and these obligations must be secured with the assets of these Defendants. Furthermore, pursuant to Title 18 U.S.C.A. § 981(e)(7) (Civil forfeiture):

> *"...A decision by the Attorney General, the Secretary of the Treasury, or the Postal Service pursuant to paragraph (2) **shall not be subject to review**. ... "*

63.    That the rules to restore restitution to the Plaintiffs pursuant to Title 18 U.S.C.A. § 983 (General rules for civil forfeiture proceedings) must, according to statute, be monitored to conform to Title 18 U.S.C.A. § 982 (Criminal forfeiture), Title 18 U.S.C.A. § 983 (General rules for civil forfeiture proceedings), Title 18 U.S.C.A. § 986 (Subpoenas for bank records), Title 18 U.S.C.A. § 1963 (Criminal penalties), and, pursuant to Title 18 U.S.C.A. § 1956 (Laundering of monetary instruments) Plaintiffs plead that the Attorney General issue its own request to the court in order to gain the grant of appropriate relief for these victims.

> Title 18 U.S.C.A. § 1956(b) **Penalties**.—(3) **Court authority over assets**.—A court may issue a pretrial restraining order or take any other action necessary to ensure that any bank account or other property held by the defendant in the United States is available to satisfy a judgment under this section.

64. That should this property not supply the necessary funds to compensate the Plaintiffs' cause of action for relief pursuant to Title 18 U.S.C.A. § 985 (Civil forfeiture of real property),[27] the Plaintiffs assert that this *in rem* action should allow the Plaintiffs to include and attach any cash, monetary instruments in bearer form, funds deposited in an account in a financial institution, or precious metals that Defendants Sidney S. Friedman and Frances S. Freidman might have in their possession or at their disposal pursuant to Title 18 U.S.C.A. § 984 (a)(1) (Civil forfeiture of fungible property).

65. That, therefore, the Plaintiffs state that the bank records of Defendants Sidney S. Friedman and Frances S. Freidman in addition to the bank accounts and records of Weinstock, Friedman & Friedman, P.A., must be subpoenaed by the Attorney General of the United States to complete the investigation into the violations of Title 18 U.S.C.A. § 241 (Conspiracy against rights) and Title 18 U.S.C.A. § 242 (Deprivation of rights under color of law), and to provide adequate seizure of these funds which were acquired and commingled through these patterns of racketeering activities. `

> *Evidence of a differential between legitimate income and cash outflow is sufficient for a money-laundering conviction, even when the defendant claims income from additional sources.* "[28] *Although the defendant may have untainted income, the fact that expenditures*

---

[27] Title 18 U.S.C.A. § 985 (c)(1) The Government shall initiate a civil forfeiture action against real property by—
(A) filing a complaint for forfeiture;
(B) posting a notice of the complaint on the property; and
(C) serving notice on the property owner, along with a copy of the complaint.

[28] *United States v. Webster*, 960 F.2d 1301, 1308 (5th Cir. 1992) (citing to *United States v. Jackson,* 936 F.2d 832, 839-40 (7th Cir. 1991)). *See also, United States v. Carr*, 25 F.3d 1194, 1203 (3rd Cir. 1994) ($18,364 income shown on tax return but $45,140 in wire transfers to relatives in Columbia during same year.) Federal Money Laundering; Crimes and Forfeiture, by B. Frederic Williams, Jr. and Frank D. Whitney (1999).

*exceed the amount to untainted income provides a reasonable basis for a finding that property is proceeds to support a conviction under § 1956.*[29]

66. That the Plaintiffs assert that their claim for the seizure of the bank accounts of these individuals, enterprises, corporations, legal entities, organizations, or associations-in-fact, is justified pursuant to Title 18 U.S.C.A. § 982 (Criminal forfeiture) and Title 18 U.S.C.A. § 984 (Civil forfeiture of fungible property) as joined with Title 18 U.S.C.A. § 1963 (Criminal penalties).

> The facilitation theory is appropriate in the present case where the government has demonstrated probable cause to believe that [the claimant] established and controlled the Six Accounts, and commingled legitimate and illegitimate funds in these accounts, for the purpose of disguising the nature and source of the proceeds of his green card scheme. ... That the Six Accounts may also contain the proceeds of legitimate income does not change the result. Any legitimate money in the Six Accounts would serve to further disguise the source of the illegitimate funds and to make the proceeds of the green card scheme more difficult to trace, and thereby facilitate [claimant's] money laundering scheme.[30]

## B. Identity Theft

67. That the Plaintiffs have been subject to unauthorized search and seizure of not only their banking information and accounts, but other private and personal information as well. When the applicant gives permission for a credit check to be done before a checking account is opened

---

[29] See also, *United States v. Heater*, 63 F.3d 311, 319 (4th Cir. 1995) (relying on Webster); *United States v. Puig-Infante*, 19 F.3d 929, 940 (5th Cir.) (relying on Webster) (participation in a continuing drug organization and "minimal legitimate income" during 1986-90 were enough to sustain conviction under ) 1956 (a)(A)(i) for purchasing a car with $3,180 in cash in 1988), cert. denied, 513 U.S. 864 (1994); *United States v. $95,945*, 727 F. Supp. 242, 245 (W.D.N.C. 1989) (claimant for $95,945 in currency had a total of only $16,000 in income over three years), aff'd, 913 F.2d 1106, 1111 (4th Cir. 1990); *United States v. Leola's Plaza*, 814 F.Supp. 468, 475 (W.D.N.C 1993) (claimant who reported only $2,700 income per year and admitted $18,000 a year in personal living expenses during the six years ending with construction of a shopping center worth $300,000), aff'd, 105 F.3d 927, 932 (4th Cir. 1997) (1993 judgment and decision affirmed, but remanded for rent remedy for *Good* violations).

[30] *United States v. Contents of Account Nos. 208-06070 & 208-06068-1-2*, 847 F. Supp. 329, 334 (S.D.N.Y 1994).

the authorization does not grant a constant monitoring by other parties of the *"person, house, papers, or effects"* without the further consent of the applicant. Yu Fan obtained a Social Security number through fraudulent means and should be the subject of a full investigation into the violations of this information pursuant to Title 18 U.S.C.A. § 1028 (Fraud and related activity in connection with identification documents, authentication features, and information) and Title 18 U.S.C.A. § 1028A. (Aggravated identity theft).

68.  That any action taken by these Defendants in furtherance of these racketeering activities would be a blatant abrogation of Amendment IV and would nullify the authority of any State over all issues of this cause of action should the Federal statutes  be trampled by State action.

## C. Basis For Tort Actions

69.  That this is  a deprivation of Constitutional rights,  civil rights, and personal property which resulted from the violation of contract agreements performed pursuant to the RESTATEMENT OF THE LAW SECOND - CONTRACTS 2d,  As Adopted and Promulgated by THE AMERICAN LAW INSTITUTE at Washington, D. C.,  May 17, 1979. Should the Defendants' property not supply the necessary funds to compensate these Plaintiffs, then other causes of action shall be filed pursuant to RESTATEMENT OF THE LAW (SECOND) –TORTS, As Adopted and Promulgated by THE AMERICAN LAW INSTITUTE at Washington, D. C., May 17, 1979:  § 50 § 139,  § 71, § 45, § 87,  § 125, and  § 79.

70.  That, also, a separte lawsuit will be filed pursuant to  § 46, RESTATEMENT OF THE LAW (SECOND) –TORTS,  §§§500-503, and §324, for cruel and unjust punishments which have been inflicted upon the Plaintiffs.

71.  That the Plaintiffs state that Defendants Sidney S. Friedman and Frances S. Freidman, in collusion with Greg I. Rose,  Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan,

are in violation of Amendment V and Amendment XIV in conjunction with Title 28 U.S.C. §1983 and §1986, and Restatement of Law (Second) of Torts: § 28, § 284, § 291, § 292, § 430, and § 431, and have deprived the Plaintiffs of life, liberty and property.

## D. Specified Unlawful Activities

72.     That Plaintiffs assert that   criminal activities have provided   proceeds for the purchase or lease payments for this property through Weinstock, Friedman & Friedman, P.A.,  and Title 28 U.S.C.A. § 1956 (a)(1)  which forbids financial transactions *"which involve the proceeds of specified unlawful activity."*[31]

73.     That Plaintiffs assert that 100% concealment of the ownership or control of the property and other assets  by these Defendants is not required for the filing of this Equitable Lien pursuant to Title 18 U.S.C.A. § 1956(a)(1) and (2). This statute only requires that the property in question be "involved" in the proceeds of a pattern of racketeering activities, not "be"  the proceeds.[32] Plaintiffs have only to prove that some item of property involved in the transaction is a proceed of the specified unlawful activity (SUA). The same banks for the legitimate enterprises also were involved in the illegal pattern of racketeering activities.

> The Fourth Circuit has approved the general proposition that clean money can be used to hide dirty money. It affirmed a conviction under   § 1956 (a)(1)(B)(i) where an expert for the government testified that the purpose of the transactions was likely to conceal the proceeds of drug trafficking, and "depositing  drug money into an account that contains

---

[31] *United States v.  Hawkey*, 148 F.3d 920, 928 (8th Cir. 1998) "proof that the proceeds of the money laundering transaction enabled the defendant to acquire the property is sufficient to warrant forfeiture as property 'traceable to' the offense." The District of Columbia Court has adopted the "but for" test: *United States v. Defries*, 129 F.3d 1293, 1313 (D.C. Cir. 1997)  a corrupt union election case in which the Court of Appeals found that: "but for the elections, which the district court found to be tainted by appellants' racketeering activity, they would not have received their salaries." The Court ordered the appellants to also forfeit the severance pay that they earned as officers of the national as well as the union. 129 F.3d at 1312.
[32] *United States v. Sokolow*, 91 F.3d 396, 409 (3rd Cir. 1996).

legitimate income 'lends credence or credibility to the [drug] money.'"[33] The Fifth and Seventh Circuits have also followed this facilitation theory.[34]

74.    That neither do Plaintiffs have to exclude the possibility that a dollar of tainted money has been put into the transaction, nor prove that a "substantial portion" of laundered funds were SUA proceeds.[35] "Proceeds" from RICO activities consist of various definitions:

> United States v. Ortiz, 738 F.Supp. 1394, 1400 (S.D. Fla. 1990). Quoted from    Black's Law Dictionary 1084 (5th ed. 1979): "Issues; income, yield; receipts; produce; money or articles or other thing of value arising or    obtained by the sale of property. Proceeds does not necessarily mean    only cash or money. That which results, proceeds, or accrues from some    possession or transaction. The funds received from disposition of assets or from the issue of securities." Id. 738 F.Supp at 1400.

75.    That Plaintiffs state that a forfeiture "attaches to the thing itself, not to any article for which the thing may be exchanged."[36] Plaintiffs allege that 100% of the property at  2512 Caves Road, Owings Mills, Maryland 21117,   which is the proceed of acts which facilitated the previous and ongoing RICO activities is subject to lien and forfeiture under Title 18 U.S.C.A. § 1956 (a) (1) in correlation to Title 18 U.S.C.A. § 1964 since the proceeds[37] for the purchase or mortgage payments for the property were and are still being   acquired through a pattern of racketeering activities which support the purchase or mortgage payments   for said property

---

[33]    United States v. Barber, 80 F. 3d 964, 970 (4th Cir. 1996), as quoted in Federal Money Laundering: Crimes and Forfeiture, by B. Frederic Williams, Jr. and Frank D. Whitney (1999).

[34] United States v. Trost, 152 F.3d 715, 721 (7th Cir. 1998) ("Money does not need to be derived from the crime to be forfeited. … it can be forfeited if it is involved in the crime. Sometimes, in fact, legitimate funds might be used to disguise illegitimate funds.") (Citation omitted); United States v. Tencer, 107 F.3d 1120, 1134-35 (5th Cir. 1997). Id., n. 29.

[35] United States v. Rodriquez, 53 F.3d 1439, 1447 n.13 (7th Cir. 1995) (Purchase involved proceeds even though only $1,000 of $17,000 payment was tainted).

[36] United States v. Grundy & Thornburgh, 7 U.S. (3 Cranch) 337, (1806), at 354.

[37] Phelps v. Harris, 101 U.S. 370, 380 (1979). This case held, that "proceeds are not necessarily money. This is also a word of great generality. Taking the words in their ordinary sense, a general power to dispose of land or real estate and to take in return therefore such proceeds as one thinks best, will include the power of disposing of them in exchange for other lands. It would be a disposal of the lands parted with; and the lands received would be the proceeds."

through a pattern of racketeering activities which affect, directly and indirectly, interstate and foreign commerce.

76.    That Plaintiffs further assert that part of the proceeds in question were acquired by Yelin Shi an Yu Fan  during the period when there was a business association between the parties. Plaintiffs state that Yelin Shi and Yu Fan commingled the legitimate funds derived from Plaintiffs' legal business associations with those proceeds Shi and Fan obtained through a pattern of racketeering activities, and then Shi and Fan gave part of those proceeds to Sidney S. Friedman, Greg I. Rose,  Weinstock, and Friedman & Friedman, P.A., who then gave part of those commingled funds to Defendant Frances S. Freidman.

77.  That the circle of money laundering is complete, and the conspiracy to commit this pattern of racketeering activities is broad and complete pursuant to Title 18 U.S.C.A. § 241 (Conspiracy against rights).   The Defendants have used the Plaintiffs' legally derived proceeds, which were, or are attempted or threatened to be confiscated by Defendant Sidney S. Friedman with  Greg I. Rose,  Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan,  by furnishing them an office or property  from which they  and the other conspirators have waged a war against the Plaintiffs with Plaintiffs' own money through this pattern of racketeering activities in violation of Title 18 U.S.C.A. § 1956 (Laundering of monetary instruments).

78.  That because of this conspiracy with Greg I. Rose,  Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan, Defendants Sidney S. Friedman and Frances S. Freidman are equally liable to these Plaintiffs for furnishing the facilities to commit the crimes pursuant to  Title 18 U.S.C.A. § 1963 (Criminal penalties) and Title 18 U.S.C.A. § 981 (Civil forfeiture). And Title 18 U.S.C.A. § 982 (Criminal forfeiture).

That *"property used as a place to conduct a fraudulent business, direct its affairs and financial transactions, to impress potential investment victims to provide additional funds to be laundered, to entertain potential victims and co-conspirators, and similar activities, are "involved in" the money laundering activities that are integral to the existence and operation of the fraudulent business."* [38]

79.    That although there is nothing to be resolved as to the interpretation of the term "involved in." The court in *South Side Finance* [39] denied a motion to dismiss a complaint by finding that a used car business and all of its assets were forfeitable for facilitation of money laundering violations. Even though the charges were for drug transactions pursuant to Title 18 U.S.C.A. § 881, the court did not rely upon the drug statutes for the forfeiture—only Title 18 U.S.C.A. § 981 (Civil forfeiture)(a)(1)(A).

80.    That the Eastern District of Virginia followed *$477,048, Account No. 01-0-71417,* and *South Side Finance*, and held that a criminal money laundering forfeiture could include the entire business with all its assets and entire bank accounts, including portions which were not traceable to criminal proceeds, and summed up that *"[i]n sum, any property involved in illegal activity may be said to 'facilitate' the criminal activity, and thereby causes such property to be forfeitable."* [40] This  includes any party involved in violations of Title 18 U.S.C.A. § 241 (Conspiracy against rights) and § 242 (Deprivation of rights under color of law). **There is no immunity for fraud.**

---

[38] *United States v. One Lot Jewelry, One 1987 Mercedes Benz,* 749 F. Supp. 118, 123 (W.D. N.C. 1990); *United States v. Rivera,* 884 F.2d 544 (11th Cir. 1989); *United States v. One 197 Lincoln Mark V Coupe,* 643 F.2d 154, 157 (3rd Cir. 1981); *Whitby v. United States,* 454 U.S. 818 (1981). as quoted in Federal Money Laundering; Crimes and Forfeiture, by  B. Frederic Williams, Jr. and Frank D. Whitney (1999).

[39] *United States v. South Side Finance, Inc.,* 755 F. Supp. 791 (N.D. Ill.1991).

[40] *United States v. Swank Corp.,* 797 F. Supp. 497 500  (E.D. Va. 1992).

81. That the Eastern District of Michigan found that *$477,048 "persuasive and [held] that the government may use a facilitation theory under 18 U.S.C. § 981 (a)(1)(A) in the instant forfeiture action."*[41]

82. That the Middle District of North Carolina found probable cause for a seizure and forfeiture based on the evidence that a trucking business had facilitated a drug money laundering pattern of activities. The Court refused a preliminary injunction to release the property from seizure by finding that although it would ordinarily raise a presumption of irreparable harm, in this case the Court found that the trucking company intentionally kept incomplete and erroneous records of its financial affairs, had unusual currency transactions, and had run the trucking company as a sham for the drug dealings.[42]

83. That Plaintiffs maintain that Defendants are involved in the sort of scams detailed in the aforementioned precedents which have facilitated the pattern of racketeering activities by quite literally providing a roof, and the wires, under which these money laundering schemes are conducted and controlled in violation of Title 18 U.S.C.A. § 1962(b) and (c) (Prohibited activities) and Title 18 U.S.C.A. § 1343 (Fraud by wire, radio, or television).

84. That for any violation under Title 18 U.S.C.A. § 1962 (Prohibited activities) and Title 18 U.S.C.A. § 1343 (Fraud by wire, radio, or television) the Plaintiffs are permitted to ask the Attorney General to authorize these forfeitures pursuant to Title 18 U.S.C.A. § 1963(d)(1)(A) (Criminal penalties) and Title 18 U.S.C.A. § 981(a)(1)(D)(vi) (Civil forfeiture).

---

[41] *United States v. All Inventories of Bus. Known as Khalife Bros. Jewelry*, 806 F. Supp. 648, 650 (E.D. Mich. 1992).
[42] *United States v. Any & All Assets of Shane Co.*, 816 F. Supp. 389 (M.D.M.C. 1991).

85.     That Congress has defined the term of proceeds more simply as the core of the statutory provisions in § 1962 and § 1963:[43] all property obtained through criminal or predicate acts which constitute patterns of racketeering activities, or which the criminal would not have had EXCEPT FOR the gains from a pattern of racketeering activities, either directly or indirectly, are proceeds of the crimes. Congress gave this a very broad interpretation because they were worried that white collar criminals would secret away the proceeds and benefit from these patterns of racketeering activities which is <u>exactly</u> what these Defendants and the other related conspiratorial participants have done in this case through violations of the Patriot Act. There is no statute of limitation on this type of fraud.

86.     That "income" or "profits" need not be proved for convictions of RICO acts. The term "proceeds" was used in the RICO statutes instead of "profits" in order: *"to alleviate the unreasonable burden on the government of proving net profits."* S. Rep.No. 98-225, 1984 USCCAN 3182, 3394.

87.     That the violation of the money laundering statutes, and the other crimes committed which affected and violated the Plaintiffs' right to do business, were acts committed by the

---

[43] § 1963(a). Some defendants, as the "upper echelon" in the pattern of racketeering activities, may receive the gross of all of the illegal proceeds; the "middle management" may receive only a share of the "profits, interest, or dividends" from the gross which might have been invested in otherwise legitimate enterprises, either directly or indirectly; while the "lower ranks" may receive only wages, tips, or fees for their services. All the participants in the three rungs of the RICO ladder may then distribute their proceeds to their spouses and other family members in order to launder the funds in legitimate functions or businesses. Therefore, this statute was enacted to include and incriminate all participants, *and* their chosen recipients, so that the intention of Congress to catch even the "smallest fish" could be accomplished.

Defendants in an attempt to regulate economic activity through the commission of a pattern of racketeering activities which affect, directly and indirectly, interstate and foreign commerce.[44]

88.    That the intent of Congress in enacting the RICO laws was to protect the economic health of not only the national economy, but anything which affected interstate and foreign commerce, the tax system, and common everyday business practices from the infiltration of criminal elements and their organized illegal acts in otherwise legitimate businesses.

*E. Restatement Of Restitution*

89.    That the Defendants have conspired through their actions before the RICO Complaint, Case Number: 1:07CV1625, was commenced and afterwards during that case in violation of Title 18 U.S.C.A. § 1962 (b) and (c) deprive the Plaintiffs of their right to do business in interstate and foreign commerce, and that deprivation has lead to a loss of business which would have amounted to the sum demanded if the Plaintiffs had been left to continue their business ventures and had had the opportunity to reinvest the profits. This concept is a basic premise under Restatement (Second) of Restitution, Quasi Contracts, and Constructive Trusts, § 202(c):

> If the property so acquired is or becomes more valuable than the property used in acquiring it, the profit thus made by the wrongdoer cannot be retained by him; the person whose property was used in making the profit is entitled to it. The result, it is true, is that the claimant obtains more than the amount of which he was deprived, more than restitution for his loss; he is in a better position than that in which he would have been if no wrong been done to him. Nevertheless, since the profit is made from his property, it is just that he should have the profit rather than that the wrongdoer should keep it.

---

[44] "[u]nlike § 922 (q), § 1956 has everything 'to do with commerce.' *Lopez,* 514 U.S. at 561. Money laundering is a quintessential economic activity. Indeed, it is difficult to imagine a more obviously commercial activity than engaging in financial transactions involving the profits of unlawful activity. This is particularly so where the intent of the transaction is to conceal the source of those profits or to promote the unlawful activity and thereby yield even greater rewards." *United States v. Goodwin,* 141 F.3d 394, 398 (2d Cir. 1997).

90.    That Plaintiffs are requesting $9,292,000.00 from Defendants Sidney S. Friedman and Frances S. Friedman with Greg I. Rose, and, Weinstock, Friedman & Friedman, P.A. in their RICO Complaint due to the interference by these Defendants and their fellow party members which affected the Plaintiffs' business in the United States, and have prevented the Plaintiffs' company from obtaining important and vital contracts in the United States and in foreign countries.

91.    That the revenue from these contracts was lost because: 1) the Plaintiffs' failure to meet deadlines to perform the obligations for the completion of the contracts; 2) the interest was lost from investments of these substantial profits; 3) the future business was lost due to Plaintiffs' failure to perform on the early contracts; and, 4) the Defendants' inducement to breach contracts and to breach contracts. These actions amount to the Plaintiffs' demanded judgment for damages.

92.    That the result of the threat of violence, seizure through force of theft by conversion render the effect was that the Plaintiffs were discouraged from successfully completing their business ventures. This is a textbook example of a pattern of racketeering activities, direct and indirect, which has affected interstate and foreign commerce in violation of Title 18 U.S.C.A. § 1962 (b), (c), and (d) (Prohibited activities).

93.    That the Plaintiffs aver that these revenues, for both their businesses, if invested in the company for further expansion would have amounted to far greater potential than the original amount projected. But the Plaintiffs' failure to perform tainted the character and good name of the Plaintiffs and their company, Petroleum Financial Services Corporation, and this failure caused the loss of future immediate contracts for both concerns because of this lack of specific performance.

94.     That Plaintiffs were forced to file this Complaint, and clear their names in the business world in order to bring back the confidence to the clients that they could perform future contracts. As it is, a major agriculture conglomerate has threatened to sue because of the actions of these Defendants. This loss of respect and confidence will be far more difficult to reestablish than to establish, and has lead to losses of time and money to mend these business associations.[45]

95.     That these actions have escalated the amount of damages requested in the original Complaint against Defendant Sidney S. Friedman and, Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan to the continuous and increasing pattern of racketeering activities which have prevented the Plaintiffs and other businesses associates form conducting their interstate and foreign commerce. The pattern of racketeering activities so described in this Complaint affects the commerce of the United States with a rippling affect to the disadvantage of the American consumers as a whole, not just the Plaintiffs.

*F.   Rico Act*

96.     That Defendants, directly or indirectly, affected the control of the fate of the Plaintiffs' credibility to do business. The actions of these Defendants and their felonious reports,

---

[45] "It should also be remarked, before proceeding with the discussion, that when a contract has been partly performed by the plaintiff, and the defendant has received and enjoys the benefits thereof, and the plaintiff would be virtually remediless unless the contract were enforced, the court, from the plainest considerations of equity and common justice, does not regard with favor any objections raised by the defendant merely on the ground of incompleteness or uncertainty of the agreement. Even if the agreement be incomplete, the court will then, in furtherance of justice and to prevent a most inequitable result, decree a performance of its terms as far as possible, although perhaps with compensation or allowance. In fact, as has been shown in chapter 1, one ground of the equitable jurisdiction to decree a specific performance is the incompleteness of the contract, which would prevent an action at law, but which exists to such a limited extent and under such circumstances that a refusal to grant any relief would be plainly inequitable." Pomery's Specific Performance, § 145.

libel and slanders, which have  affected the Plaintiffs ability to do business have irreparably damaged the Plaintiffs, other individual victims, and the Plaintiffs' business  in this country.

97.    That extortion, fraud, and violent acts which have been committed by Defendant Sidney S.Friedman and Frances S. Friedman are direct criminal acts pursuant to Title 18 U.S.C.A. § 1951 (Interference with commerce by threats or violence).

*F. Espionage  And Treason*

98.  That the money laundering conspiracy of these Defendants is commingled with the Canadian Defendants in Case Number 1:07CV1802, *Samuel K. Jacobs, et al, v. Vijay Patel, et al*, which was filed in this same  United States District Court for the District of Columbia on October 5, 2007, on alleged RICO violations and threats against the United States in violation of Title 18 U.S.C.A. § 2332b (Acts of terrorism transcending national boundaries) .

99.    That this attempt to give aid and comfort to those alleged to have been named as conspirators and business partners with a 'Specially Designated Global Terrorist' under Executive Order 13224,[46] otherwise known as an Enemy of the United States and who violated Title 18 U.S.C.A. § 793 (Gathering, transmitting, or losing defense information) and §794 (Gathering or delivering defense information to aid foreign government)  are also  money laundering violations pursuant to Title 18 U.S.C.A. § 1956 (c)(7)(D) (Laundering of monetary instruments).

100.  That these Defendants have laundered illegal funds obtained through treasonous activities by Al Qaeda  agents placed in the United States, and other countries, and have thus contributed to the internal overthrow of this constitutional form of Government with their aid and

---

[46]  "U.S. DESIGNATES DAWOOD IBRAHIM AS TERRORIST SUPPORTER," FROM THE OFFICE OF PUBLIC AFFAIRS, United States Treasury, October 16, 2003; FACT SHEET, www.usembassy.it/file2003.

comfort to the advantage of a foreign nation and the injury to the  United States in violation of Article III, Section 3 of the Constitution of the United States.

## VII.  EXPEDITION OF ACTIONS PURSUANT TO TITLE 18 U.S.C.A. § 1966

101.    That the Plaintiffs respectfully request  that the Attorney General of the United States investigate the actions of the Defendants Sidney S. Friedman and Frances S. Friedman with Greg I. Rose,  Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan  for crimes against these American victims which is of general interest to the American public pursuant to Title 18 U.S.C.A. § 1966 (Expedition of actions) and Title 18 U.S.C.A. § 242 (Deprivation of rights under color of law) in three courts.

102.    That  the activities are hidden deep within the legitimate business structure in violation of Title 18 U.S.C.A. § 1962 ( Prohibited activities), Title 18 U.S.C.A. § 1956 (Laundering of monetary instruments), and Title 18 U.S.C.A. § 1957 (Engaging in monetary transactions in property derived from specified unlawful activity).

103.  That the Defendants have committed and are still committing true criminal predicate and overt acts through Weinstock, Friedman & Friedman, P.A. with Yelin Shi, and Yu Fan. Defendant Frances S. Freidman is no innocent party when she depends on the financial gains of the victims which Defendant Sidney S. Friedman, Greg I. Rose,   Weinstock, Friedman & Friedman, P.A., threaten, intimidate, and injure every day in a business made criminal by the acts of its owners and employees who prey upon innocent victims. Not every person who owes money deserves to be victimized and threatened as if they were a criminal when the Constitution of the United States states that no Bill of Attainder shall issue for debts.

104.    That Title 28 U.S.C.A. § 1956  does not compel the victims, or the individual Defendant, to have accurate knowledge of the events and actions which are suspected criminal

activities, only that they think they know that these acts have been committed.[47] **The Fifth Amendment does not prevent the Government from forcing the production of documents and testimony, and if refused, the Government can force forfeiture of property.**

105.    That the intent of Congress was represented by  Rep. S. Clay Shaw, Jr. during discussions while preparing the House Judiciary Committee Report H.Rep., 99-855 at 13, and he stated:

> I am sick and tired of watching people sit back and say, 'I am not part of  the  problem,  I am not committing the crime, and , therefore, my hands are clean even though I know the money is dirty I am handling.' The only way we will get at this problem is to let the whole community, the whole         population, know they are part of the problem and they could very well be convicted of it if they knowingly take these funds. . . .

106.    That these  RICO violations, forfeitures, and fines jeopardize the Plaintiffs' standing to collect the money owed to them for these violations against them personally until the Government  has determined what amount is due for the Defendants' criminal acts, and this Equitable Lien is essential in order to insure the Plaintiffs' right to these monetary claims pursuant to Title 18 U.S.C.A. § 1964 (c) (Civil remedies) and § 1963(f) (Criminal penalties):

> **"Following the seizure of property ordered forfeited under this section, the Attorney General shall direct the disposition of the property by sale or any other commercially feasible means, making due provision for the rights of any innocent persons."**

---

[47] The intent of Congress as stated in a Senate report, S. Rep. 99-433, at 11,  explained:

[I]n order to fall within the section, the participant need not know that the property involved in the transaction represents the proceeds of "specified unlawful activity." He or she need only know that it represents the proceeds of some form of unlawful activity. This distinction is drawn in order to prevent a defendant from escaping conviction by merely alleging that he or has thought the property involved represented the proceeds of a crime not covered in the term "specified unlawful activity."

## VIII.  OVERT ACTS

107.     That the Defendant Sidney S. Friedman with  Greg I. Rose,  Weinstock, Friedman & Friedman, P.A., Yelin Shi and Yu Fan and others so named in this Complaint and Case Number: 1:07cv1625 are knowledgeable of these crimes committed as so stated in this Complaint, and have benefited from these activities, and that includes Defendant Frances S. Freidman.

108.     That under Title 18 U.S.C. § 1962 (d), the majority of the courts agree that a person associated with a defendant in a RICO enterprise need not herself  be personally or directly involved in the commission of the predicate acts as long as that person agrees to the commission of those predicate acts by another person, or benefits from the commission of those acts.

109.     That,  these predicate and overt acts have contributed to the overall success and benefits enjoyed by all of the participants in the enterprises.

## IX.   CONCLUSION

110.     That by reason of the allegations, facts, and evidence contained this 'Complaint For Equitable Lien Upon Real Property,' Plaintiffs' rights and equities in connection with the premises in question are prior, superior and paramount to any rights or equities which any other party  has or may possess. The *in rem* judgment is the strongest example of absolute title when one compares possession and legal ownership:

> One fact which has this effect is first possession. The captor of wild animals, or the taker of fish from the ocean, has not merely possession,       but a title good against all the world. But the most common mode of getting an original and independent title is by certain proceedings, in court or out of it, adverse to all the world. At one extreme of these is the   proceeding *in rem* of the admiralty, which conclusively disposes of the property in its power, and, when it sells or condemns it, does not deal with this or that man's title, but gives a new title paramount to all previous interests, whatsoever they may be.[48]

---

[48]  THE COMMON LAW, by Oliver Wendell Holmes, Jr., 245 (34th printing 1938).

111.    That Plaintiffs state that a judgment for this 'Complaint For An Equitable Lien on Real Property' not be deemed a restraint upon Plaintiffs and others for further actions pursuant to separate tort actions for damages resulting from defamation of character, invasion of privacy, libel, and slander.

112.    That Plaintiffs state that a judgment for this 'Complaint For An Equitable Lien on Real Property' not be deemed a restraint upon Plaintiffs and others for further actions for damages pursuant to violations of the Sherman-Antitrust Act and other antitrust laws.

113.    That the acts of Defendants Sidney S. Friedman, Frances S. Friedman, Greg I. Rose, Weinstock, Friedman & Friedman, P.A., Yelin Shi, and Yu Fan have committed overt acts to deny the rights of these Citizens to be secure against unreasonable search and seizure pursuant to Amendment IV of the Constitution of the United States.

114.    That the actions by the Defendants to accept funds from these criminal RICO enterprises for payment of mortgages and other fees constitutes illegal search and seizure of the person and property of the Citizen Plaintiffs without probable cause and without a Warrant issued upon Oath or affirmation because the funds were acquired through fraud and pattern of RICO activities.

115.    That Defendants' actions, threats, and attempts to intimidate have thus denied the Plaintiffs the right to life, liberty, and property without due process of the law in violation of Amendment V of the Constitution of the United States.

116.    That Plaintiffs state that a judgment for this 'Complaint For An Equitable Lien on Real Property' not be deemed a restraint for further actions upon Plaintiffs and others pursuant to other liens that may be filed against other properties owned or leased by the individual or corporate Defendants, their heirs, or appointees.

117.   That Plaintiffs state that a judgment for this 'Complaint For An Equitable Lien on Real Property' not be deemed a restraint on Plaintiffs and others for further actions pursuant to violations of the laws governing the Securities Exchange Commission, if applicable.

118.   That Plaintiffs state that a judgment for this 'Complaint For An Equitable Lien on Real Property' not be deemed a restraint upon Plaintiffs and others for further actions for damages for civil rights violations pursuant to Title 18 U.S.C.A. § 1956 (c)(7)(F).

119.   That, last but not least, if the Defendants and their coconspirators were convinced that they were in the right and that they had been damaged and injured  by these Plaintiffs, and after  the four years of the various scenarios concerning this case, why is it that all of these Defendants have attempted to keep this case away from the Attorney General of the United States and the Department of Justice instead of pleading for its assistance? The Plaintiffs are the parties asking for a full investigation through the Honorable Court to the Attorney General of the United States—not  these Defendants or their coconspirators. *What are the Defendants continuously attempting to hide from the Department of Justice?*

## X.   PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray:

A.      That the Court declare the right and other legal relations of the Plaintiffs and the Defendants created by reason of the written instrument of the 'Complaint For Conspiracy Under Racketeering Influenced Racketeering Act (RICO)' dated  October 12, 2007:

(a)  Incidental damages in the sum of  at least $9,292,000.00 Dollars;

(b)  If specific performance is not granted, judgment against said Defendants in the sum of $12,000,000.00 Dollars; and,

(c)  For the costs and disbursements of this action.

WHEREFORE   Plaintiffs pray judgment:

B.      That in the event that this Court declare that these written instruments constitute a binding and enforceable agreement between the Plaintiffs and the Defendant, that this Court order and direct the Defendants to account to the Plaintiffs and to pay the Plaintiffs for negligence, damages, and costs.

C.      That the Defendants, and other owners of said property not so mentioned or known in this Complaint,  be restrained by injunction from appropriating, selling or otherwise disposing of or in anywise interfering with said mortgaged property, if it is mortgaged.

D.      That if the property is mortgaged, the Court make an order appointing a Federal Receiver to hold the said mortgaged property and preserve the same, to answer to the lien of said mortgage, and for such other and further relief as to this court may seem just in the premises, together with the costs of this action.

E.      That the Court  issue a decree ruling that the liens of the judgments above describe a first lien upon the real property aforesaid, and ordering a sale of said property at public auction and directing that the proceeds of the sale, after deducting therefrom all costs of the sale, be applied to the payment of the Plaintiffs' liens above  described, and that the Plaintiff or any of the Defendants be allowed to become purchasers at such sale, and that the Defendant sbe required to deliver the possession to the purchaser at said sale on the production of the deed therefor, and also that the Defendants, if there are more than one, and each of them, or any of them, subsequent to the commencement of this action, and all persons having liens upon or conveyances to the property subsequent to the commencement of this action be forever foreclosed of and from all right, title, and interest in said property, and the Plaintiffs have such other and further relief as the court shall seem proper in the premises.

F.     That  no protective orders be issued against the said property.

WHEREFORE Plaintiffs further pray:

G.     That the Court  direct any further actions and orders against the Defendants as it may deem appropriate, but  not known to the plaintiffs as of filing of this complaint, pursuant to Title 28 U.S.C. § 1651  and § 1361; and,

H.     That   the  right  to amend  this  complaint  be  preserved  upon  information  and evidence to be obtained which will affect the outcome of this litigation upon approval of the Court after responsive pleadings have been filed.

## XI.  TRIAL  BY  JURY

That  **Plaintiffs  demand  a  trial  by  jury  pursuant  to  Amendment  VII  of  the Constitution of the United States and  Federal Rules of Civil Procedure Rule 38 (b).** Right to trial by jury in a civil RICO case exists because the Supreme Court of the United States has long upheld this right pursuant to the antitrust laws and precedents which carry such a right.   *Fleitman v. Welsbach St. Lighting Co.,* 240 U.S.  27  (1916 ) (Holmes, J.).  The   right  to trial by  jury is also derived  from  § 1964 (c).

Dated this 14th  day of  November, 2007.

Respectfully submitted,

Samuel K. Jacobs

Nancy Heckerman

OFFICES OF SAMUEL K. JACOBS
2300 M Street NW,  Suite 838
Washington, D.C. 20037
Telephone: 202-416-1753
E-Mail:sjnhjacobs@msn.com

COMPLAINT  FOR  EQUITABLE  LIEN ON  REAL PROPERTY— Page  49 of 49

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| SAMUEL K JACOBS and NANCY HECKERMAN. *1100l* | SIDNEY S. FRIEDMAN and FRANCES S. FRIEDMAN. |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  *Dist of Columbia*  (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  (IN U.S. PLAINTIFF CASES ONLY)  NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF |

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

2300 M STREET N.W
SUITE 838
WASHINGTON D.C. 20037

Case: 1:07-cv-02057
Assigned To : Walton, Reggie B.
Assign. Date : 11/14/2007
Description: Pro Se General Civil

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)    OR    ◉ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☒ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

EQUITABLE LIEN PURSUANT TO TITLE 18 USC 1956, 1957, 241 1963 & 981. ALSO, TITLE 18 USC 1966.

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** 9,292,000<br>**JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☒    NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☒    NO ☐    If yes, please complete related case form.

DATE  November 14 2007    SIGNATURE OF ATTORNEY OF RECORD  _Samuel L. Jones_

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.