**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**
Civil Division

| | | |
|---|---|---|
| **SAMUEL K. JACOBS, et al** | * | |
| | * | |
| **Plaintiffs** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **FRIEDMAN, et al** | * | |
| | * | |
| **Defendants** | * | **Case No.: 1:07-CV-2057** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>MOTION TO DISMISS</u>

NOW COMES, Sidney S. Friedman and Frances S. Friedman, by and through their

attorneys, Sidney S. Friedman & Weinstock, Friedman & Friedman, P.A., and pursuant to the

Federal Rules of Civil Procedure, Rule 12(b)(6), herein moves this Court to dismiss Plaintiffs'

Complaint with prejudice, and for cause states as follows:

1.    Plaintiffs have failed to state a claim upon which relief may be granted.

2.    Therefore, Plaintiffs' claims fail as a matter of law and must be dismissed.

3.    To the extent that Plaintiffs' Complaint for Equitable Lien on Real Property

incorporates by references the allegations contained in their Amended Complaint in Case No. 07-

01625, for the same reasons as is set forth herein, the collective Defendants request that Case No.

07-01625 also be dismissed with prejudice for a failure to state a claim.

WHEREFORE, Sidney S. Friedman, and Frances S. Friedman, Defendants, request this

Honorable Court to:

    A.      Dismiss Plaintiffs' Complaint for Equitable Lien on Real Property with prejudice;

    B.      Grant Defendants attorneys fees and costs;

    C.      Other and such further relief as this Court deems proper.

                      Respectfully submitted,


                      /S/ Sidney S. Friedman
                      Sidney S. Friedman
                      DC Federal Bar No.: 464753

                      Weinstock, Friedman & Friedman, P.A.
                      4 Reservoir Circle
                      Baltimore, Maryland 21208
                      (410) 559-9000
                      (410) 559-9009 Fax
                      ssf@weinstocklegal.com

                      Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
Civil Division

| | | |
|---|---|---|
| **SAMUEL K. JACOBS, et al** | * | |
| | * | |
| **Plaintiffs** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **FRIEDMAN, et al** | * | |
| | * | |
| **Defendants** | * | **Case No.: 1:07-CV-0257** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'**</u>
<u>**MOTION TO DISMISS**</u>

## I.  INTRODUCTION

The instant case is now round five, not counting Plaintiffs' various appeals, in a series of multiplicitous and vexatious lawsuits filed by these Plaintiffs.  Plaintiffs make no attempt to disguise this latest filing as a new cause of action, and through this case, are now attempting to seek an alternative remedy, based solely upon the allegations contained in another action.  As stated by Plaintiffs on the first page of their Complaint for Equitable Lien on Real Property, it is being filed "pursuant to the criminal actions taken by the named Defendants named in the 'Amended Complaint for Conspiracy Under Racketeering Influenced Criminal Organization Act[1] [sic] (RICO)' filed in this Court as Case Number: 1:07CV1625, on October 12, 2007."  To preserve the record, and to demonstrate these Plaintiffs' pattern of frivolous filings, Defendants

---

[1]  The correct title for the Act is Racketeer Influenced and Corrupt Organizations Act.

1

summarize the status of litigation brought by them as follows:

This ordeal began with Plaintiffs' filing a lawsuit against Mr. Shi and Ms. Fan, who are named in the other suits, then it progressed to include the attorneys and law firm representing Mr. Shi and Ms. Fan[2], and has now remarkably culminated in this action being filed against Mr. Friedman and Ms. Friedman, in an effort to seize their real property located in the State of Maryland.

The dispute began several years ago as a collection matter in which Mr. Shi and Ms. Fan attempted to recoup a loan they made to Plaintiffs. In response to a debt collection letter, Plaintiffs filed a complaint similar to the instant complaint, in the United States Federal Court for the Eastern District of Virginia[3], and Defendants Shi and Fan filed a counterclaim seeking repayment of the $140,000.00 loan. Following a bench trial that Plaintiffs failed to attend, the court dismissed Plaintiffs' complaint with prejudice, and following testimony, entered judgment in favor of Defendants on the loan. Plaintiffs then filed various post-trial motions, which were denied, and following an appeal to the 4th Circuit, the judgment was affirmed[4].

On March 20, 2007, through their attorneys, Mr. Shi and Ms. Fan filed a Request to Record Foreign Judgment in the Circuit Court for Montgomery County Maryland[5]. Plaintiffs filed various motions to attempt to block the recording of the judgment and the subsequent

---

[2]  This is not the first time that these plaintiffs have retaliated against the attorneys representing an opposing party in this Court.  *See e.g, Jacobs, et al v. American Express*, Civil Action No. 99-2809 (CKK/JMF); *Jacobs, et al v. Susan Wu, et al*, Civil Action No. 00-231 (CKK).

[3]  Case No. 04-1379.

[4]  Appeal No. 05-1858.

[5]  Enrolled judgment Case No.: 280832-V.

issuance of writs of attachment, all of which were denied by the circuit court. Plaintiffs have now appealed that case to the Court of Special Appeals of Maryland[6], which is now pending. They also filed a separate pleading in the Circuit Court, styled as a Counterclaim to the enrollment of the foreign judgment obtained in the original case. In addition, Plaintiffs attempted to re-litigate the same issues that were disposed of by the Virginia federal court and through the subsequent appeal in which the judgment was affirmed, by filing a Rule 60 motion/petition, which was denied by the Virginia federal court[7]. Plaintiffs have also appealed this denial.

In yet a further attempt to re-litigate the same issues that were disposed of in the original case (04-1379), Plaintiffs then filed another new complaint in the Virginia federal court[8], which is virtually the same complaint as the companion to this case[9] (07-1625). Assuming that Plaintiffs anticipated another unfavorable result, they voluntarily dismissed that most recent Virginia action, and after some minor revisions, re-filed it as the new action in this Court (07-1625); a forum shopping strategy. All of these later filings, including ones not mentioned herein, directly relate back to the original action in the Virginia court that resulted in judgment for Mr. Shi and Ms. Fan.

As Plaintiffs have admitted in a pleading in one of the other cases, their more recent filings began when Mr. Shi and Ms. Fan, through their attorneys, exercised their legal right to enroll the federal judgment in state court. Plaintiffs then retaliated against Mr. Shi and Ms. Fan,

---

[6] COSA, November Term, No. 2087.

[7] Case No. 07-395.

[8] Case No. 07-663.

[9] Case No. 07-1625

as well as their attorneys, through the filing of the subsequent scurrilous pleadings in the

companion case.  And as stated above, all of this has directly led to the present filing, which is

nothing more than an attempt to seek an alternate remedy for the companion case, one to which

they are not entitled to seek.


## II.  STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, a complaint may be dismissed if a

plaintiff fails to "state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).

In making a determination, the complaint is "construed liberally in the plaintiff's favor,"

including the "benefit of all inferences that can be derived from the facts alleged."  *Kowal v. MCI

Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994).  However, the Court is not required

to accept inferences based upon a plaintiff's allegations if those inferences are unsupported by

the facts as alleged, nor is the Court required to accept a plaintiff's legal conclusions that are

"couched as factual allegations."  *Bates v. Northwestern Human Services, Inc.*, 446 F.Supp.2d

69, 77 (D.D.C. 2006); *see also Id.*  "Bare conclusions of law and sweeping and unwarranted

averments of fact will not be deemed admitted" for the purposes of a Rule 12(b)(6) motion.

*Bates v. Northwestern Human Services, Inc.*, 446 F.Supp.2d at 77 (*citing, M.K. v. Tenet*, 99

F.Supp.2d 12, 17 (D.D.C.2000).  Additionally, the Court does not need to accept the inferences

as are set forth in a complaint filed by a *pro se* plaintiff, unless those inferences are supported by

facts.  *Prunte v. Universal Music Group*, 484 F.Supp.2d 32, 37 (D.D.C.2007)(*quoting, Caldwell

v. District of Columbia*, 901 F.Supp. 7, 10 (D.D.C.1995).  "A *pro se* complaint, like any other,

must state a claim upon which relief can be granted by the court."  *Id.* (*quoting, Caldwell v.*

*District of Columbia*, 901 F.Supp. 7, 10 (D.D.C.1995)(*citing, Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C.Cir.1981)).  Adopting the new "plausibility standard," the Supreme Court has clarified the pleading standard of a complaint to mean that the facts alleged must be sufficient to "state a claim for relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, __U.S.__, 127 S.Ct. 1955, 1974 (2007).  It is this standard that Plaintiffs cannot meet.

### III.  PLAINTIFFS HAVE FAILED TO SET FORTH A CLAIM UPON WHICH RELIEF MAY BE GRANTED

### A.  PLAINTIFFS' CLAIMS FAIL AS A MATTER OF LAW

### 1.  Plaintiffs Have Not Met Their Burden Pursuant To Either Federal Rule 64 or 65

Plaintiffs bring this action "pursuant" to the criminal actions that they allege in Civil Action No.: 07-1625.  *See* Complaint for Equitable Lien on Real Property at 1.  As authority for bringing this action, Plaintiffs allege that "this is an equitable cause of action pursuant to the rights granted by Title 18 U.S.C.A. § 1964(a) and (c)....[10]"  *See* Complaint at 2, ¶ 2.  However, as is discussed below, Plaintiffs have no such right.  Accordingly, their Complaint fails as a matter of law, and must be dismissed.

In their Complaint, Plaintiffs request the Court to place a lien on real property located in the State of Maryland, and which is owned by Mr. Friedman and Ms. Friedman [11].  *See*

---

[10]    Plaintiffs go on in that paragraph to state that "...some of the defenses hereafter pleaded are cognizable only in a court of equity."  However, it is unknown why the Plaintiffs would be pleading defenses in their Complaint.

[11]    It is noteworthy that Plaintiffs are also attempting to assert an equitable lien in this same manner, against the building that Mr. Friedman's law firm, Weinstock, Friedman & Friedman, P.A., leases.  That separate action, also brought in this Court, is *Jacobs, et al v.*

Complaint at ¶ 11.  In support, Plaintiffs assert some language that may parrot a portion of
elements for a temporary injunction, but nowhere in the rest of the document do they set forth
any substance which would satisfy the requirements for a prejudgment attachment in this manner.
*See* Complaint at ¶ 12; Fed. Rule Civ. P. 64; Fed. Rule Civ. P. 65; D.C. ST. § 16-501.  For
example, pursuant to Federal Rule 64, if a federal remedy exists which would allow a
prejudgment seizure of property, then the procedure would be that of the law of the state in which
the action is pending, in this case, in the District of Columbia.  Fed. Rule Civ. P. 64.  To the
extent that the District of Columbia statute may be applicable to this proceeding, Plaintiffs have
not complied with any of the procedures required by D.C. St. § 16-501, nor have they complied
with the procedures for granting a preliminary injunction or temporary restraining order as
required by Federal Rule 65.  A plaintiff requesting a preliminary injunction is required to
demonstrate, "1) a substantial likelihood of success on the merits; 2) that [they] would suffer
irreparable injury if the injunction were not granted; 3) that an injunction would not substantially
injure other interested parties, and 4) that the public interest would be furthered by the
injunction."  *Fanning v. High Mountain Inspection Services, Inc.*, 520 F.Supp.2d 55, 58
(D.D.C.2007)(*quoting, Katz v. Georgetown Univ.,* 246 f.3d 685, 687-88 (D.C.Cir.2001)).  In
their Complaint, Plaintiffs have failed to make any showing of these four elements.  Indeed, the
injury must be "both certain and great," a very high standard in this Circuit.  *Id.* at 59 (*citing,*
*Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C.Cir.2006)).  Plaintiffs
are not able to meet their burden to warrant an injunction or temporary restraining order in any
form; allegations of financial harm are not irreparable.  *Id.*  Furthermore, it is Mr. Friedman and

---

*Reservoir Limited Partnership*, 07-2058.

Ms. Friedman who would suffer significant harm if the injunction <u>was</u> granted. No interests

would be served if a lien was placed on this Maryland real property, or if bank accounts were

seized, all before any determination has been made on the merits of Plaintiffs' case, which are

tenuous at best.

### 2. 18 U.S.C. § 1964 Affords No Equitable Relief To A Private Plaintiff

To the extent that Plaintiffs seek equitable relief pursuant to federal statute, Defendants

will address the remedies provisions of 18 U.S.C. § 1964. Pursuant to the Racketeer Influenced

and Corrupt Organizations Act (RICO), a prevailing plaintiff may recover damages plus

attorneys fees and costs. 18 U.S.C. § 1964[12]. Although the statute confers the authority of the

---

[12] 18 U.S.C. § 1964, Civil Remedies, is as follows:

**(a)** The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons.

**(b)** The Attorney General may institute proceedings under this section. Pending final determination thereof, the court may at any time enter such restraining orders or prohibitions, or take such other actions, including the acceptance of satisfactory performance bonds, as it shall deem proper.

**(c)** Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962. The exception contained in the preceding sentence does not apply to an action against any person that is criminally convicted in connection with the fraud, in which case the statute of limitations shall start to run on the date on which the conviction becomes final.

courts to issue orders granting equitable relief, it is the Attorney General who may institute such proceedings. 18 U.S.C. § 1964(a) and (b). While the statute provides standing for private plaintiffs to enforce the civil provisions of RICO, it is silent as to whether a private litigant may seek equitable relief. 18 U.S.C. § 1964(c). Instead, the statute allows treble damages, attorneys fees, and costs for the prevailing plaintiff. 18 U.S.C. § 1964(c). The statute does not contain any express provision whereby a plaintiff may seek equitable relief, and although there is a split among the circuits, it appears that most circuits do not allow for such relief. *See e.g. Religious Tech. Ctr. v. Wollersheim,* 796 F.2d 1076, 1088-89 (9th Cir.1986), *cert. denied*, 479 U.S. 1103 (1987); *Dan River, Inc. v. Icahn,* 701 F.2d 278, 290 (4th Cir.1983); *Miller v. Affiliated Fin. Corp.,* 600 F.Supp. 987, 994 (N.D.Ill.1984). There is no basis for the relief that Plaintiffs seek under this statute, which is for the Court to impose a lien on real property as a remedy in one RICO action, based upon the allegations contained in a separate action, as Plaintiffs are attempting in this case.

Although the form of relief sought by a plaintiff is not typically a Rule 12(b)(6) issue, in this case it is properly brought as a Rule 12(b)(6) Motion. Plaintiffs have based their entire Complaint on the premise that an equitable lien is permitted, and its assertion is the basis of their Complaint for Equitable Lien on Real Property. *See* Complaint.

The relief sought is just not available to these Plaintiffs. The court's reasoning in

---

**(d)** A final judgment or decree rendered in favor of the United States in any criminal proceeding brought by the United States under this chapter shall estop the defendant from denying the essential allegations of the criminal offense in any subsequent civil proceeding brought by the United States.

*Kaushal v. State Bank of India* is persuasive.  In *Kaushal*, private plaintiffs sought damages, as well as equitable relief targeting defendant's interest acquired in a restaurant which was allegedly gained through predicate acts.  To determine whether the equitable relief was available to the private plaintiffs, the court analyzed the legislative intent as well as the statutory construction of Section 1964.  *Kaushal v. State Bank of India*, 556 F.Supp. 576, 581-84 (D.C.Ill.1983).  The court noted that the statute is not clear as to the relationship between the private remedies available, and the grant of the court's equitable powers under Section 1964(a).  *Id.* at 582.  Section 1964(c) only expressly provides a private treble-damages remedy, with Section 1964(b) only expressly authorizing the Attorney General to bring proceedings under that section.  *Id.*  The court looked to the legislative history of the statute to resolve any ambiguity, and opined that "on the whole" the legislative history "strongly indicates" that Congress did not intend to grant private plaintiffs equitable remedies in addition to the legal remedies provided under Section 1964(c).  *Id.* at 583.

The RICO statute, which originated in 1969 from Senate Bill 30, did not at first even contain a private cause of action at all.  *Id.*  Nine months later, the House amended the Senate Bill, by adding the private treble damages provision to Section 1964.  *Id.*  As the *Kaushal* court noted, "the private damages remedy was engrafted onto a statutory scheme that had been complete on its own terms (with Section 1964(a) conferring jurisdiction and Section 1964(b) defining who could invoke it).  *Id.*  The court then drew two inferences from this, that Section 1964(c) is "quite independent" of Section 1964(a), with Section 1964(a) setting forth the governmental remedies available under Section 1964(b), not the private remedy available under Section 1964(c).  *Id.*  Comparing the RICO remedies with the antitrust statutes, the court was

9

also persuaded by the sharp contrast between the two; the antitrust statutes expressly stated a separate private equitable action in addition to the private treble damages remedy, while the RICO statutes did not. *Id.* (*citing,* 15 U.S.C. §§ 15, 26). "Had it so desired, Congress could have completed the analogy of Private RICO to the antitrust laws by including a private equitable relief remedy." *Id.* "It did not do so, contrary to the expressed wishes of certain Congressmen...and despite the fact earlier "RICO" proposals had included such private equitable remedies." *Id.* [internal citation omitted]. The court also referred to the Supreme Court doctrine which limits available causes of actions or remedies where Congress has not specifically provided them. *Id.* at 584. In holding that there was no equitable remedies available to a private RICO plaintiff, the *Kaushal* court stated that there were no "strong indicia" in either the language of Section 1964, or in its legislative history, of Congress' intent to allow for private equitable remedies, and therefore, determined that the evidence before it "points precisely in the opposite direction. *Id.* Other courts that have addressed this issue have come to the same conclusion.

In a more recent case, the court found that "...a comparison of subsections (b) and (c) reveals that Congress expressly provided for equitable relief in civil RICO actions where the Government commences the action, but did not with respect to civil RICO actions initiated by private citizens." *R.J. Reynolds Tobacco Co. v. Market Basket Food Stores, Inc.,* Not Reported In F.Supp.2d, 2007 WL 319965 (W.D.N.C.2007). S*ee also, Id.* at FN23, "As a result most secondary legal authorities conclude that only the federal government, not private litigants, may obtain equitable relief under the federal statute." *Citing,* Hon. Jed. S. Rakoff, Howard W. Goldstein, and Eric H. Queen, *RICO: Civil and Criminal Law* § 1.08 (2005); Joel Androphy, 2 *White Collar Crime* § 13:4 (2d ed.2005); *In re Fredeman Litigation,* 843 F.2d 821

10

(5[th]Cir.1988)(preliminary injunction not available to private RICO plaintiffs, where the order was

directed at assets not at issue in the litigation, <u>or</u> which might be used to satisfy judgment); *First*

*Nat'l Bank and Trust Co. v. A.L. Hollingsworth,* 701 F.Supp. 701 (W.D.Ark.1988); *Vietnam*

*Veterans of America, Inc. v. Guerdon Ind.,* 644 F.Supp. 951 (D.Del.1986); *Ashland Oil, Inc. v.*

*Gleave*, 540 F.Supp. 81 (D.C.N.Y.1982)(...[S]tatutory attachment powers provide a harsh remedy

which is to be applied sparingly and in strict observance of the authorizing statute -forbids

reading authority to order an attachment or the equivalent thereof into cases brought by private

parties under 18 U.S.C. s 1964."); *Religious Technology Center v. Wollersheim,* 796 F.2d 1076

(9[th]Cir.1986); *Trane Co. v. O'Connor Securities,* 718 F.2d 26 (2d Cir.1983); *Dan River, Inc. v.*

*Icahn,* 701 F.2d 278 (4[th]Cir.1983).  *Compare, Lincoln House, Inc. v. Dupre,* 903 F.2d 845

(1[st]Cir.1990)(declining to reach the issue, but assuming that the court could grant equitable relief

to private plaintiffs); *Aetna Casualty & Sur. Co. v. Liebowitz,* 570 F.Supp. 908, 910-11

(E.D.N.Y.1983)(Congress did not intend to deprive the courts of the authority to grant equitable

relief); *Bennett v. Berg,* 685 F.2d 1053, 1064 (8[th]Cir.1982)(suggesting that private equitable relief

may be available)).

        As the United States Court of Appeals for this Circuit made clear, the courts should not

expand upon their equitable jurisdiction and must operate within the confines of the statutory

language as set forth by Congress.  *United States v. Philip Morris USA, Inc.,* 396 F.3d 1190,1197

(.C.A.D.C.2005)(in a case in which the Government sought the court to authorize equitable relief

beyond that which the statute permits in a RICO action brought by the Government).  "Federal

courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution

and statute, which is not to be expanded by judicial decree."  *Id.* (*quoting, Kokkonen v. Guardian*

*Life Ins. Co. of America,* 511 U.S. 375 (1994)).  Although the court in *Philip Morris* addressed

the district courts' equitable powers in a case brought by the Government, and not a private

plaintiff, the court distinguished between civil cases in which the Government may seek

equitable relief under Section 1964(a), and relief available to private plaintiffs under Section

1964(c).  *Id.* at 1200.  "The structure of RICO similarly limits courts' ability to fashion equitable

remedies...Congress' care in formulating such a "carefully crafted and detailed enforcement

scheme provides strong evidence that Congress did *not* intend to authorize other remedies that it

simply forgot to incorporate expressly."" *Id.* [internal emphasis included] (*quoting, Great-West*

*Life & annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209 (2002)(*quoting, Mertens v. Hewitt*

*Associates*, 508 U.S. 248, 251 (1993)).  In this case, and as opined by the court in *Philip Morris*,

"Congress' intent when it drafted RICO's remedies would be circumvented" by a broad reading

of the remedies available under Section 1964 (a).  As such, the intent of Congress should be left

intact, and Plaintiffs' request for equitable remedies, to the extent requested, should be dismissed

as a matter of law.


### 3.  The Complaint Fails To Comply With Rules 8(a)(2) and 9(b)

Pursuant to Federal Rule 8(a)(2), a complaint must set forth a "short and plain statement

of the claim showing that the pleader is entitled to relief."  Pleading special matters, such as

fraud, or aspects of RICO claims, have a heightened pleading standard, and must be set forth

with particularity.  Fed. Rule Civ. P. 9(b); *see also Bates v. Northwestern Human Services, Inc.*,

466 F.Supp.2d 69, 88-93 (D.D.C.2006).  RICO claims, for example, must be sufficient to ensure

that a defendant has clear notice of the factual basis of the predicate acts.  Alleged violations of

18 U.S.C. § 1964 must set forth "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Elemary v. Philipp Holzmann A.G.,* __F.Supp.2d__, 2008 WL 316376, *17 (D.D.C. 2008)(*quoting, Sedima S.P.R.L. v. Imrex, Co., Inc.,* 473 U.S. 479, 496 (1985)). There must be a showing that a defendant played some part in directing the enterprise itself. *Id.* Additionally, "...to survive a motion to dismiss, the plaintiff must allege the predicate acts of racketeering with particularity." *Id.* (*citing, Prunte v. Univ. Music Group,* 484 F.Supp.2d 32, 43 (D.D.C.2007).

A plaintiff in a RICO case alleging mail and wire fraud must comply with Federal Rule 9(b)'s requirements for pleading fraud with particularity, so that the courts may terminate frivolous or insufficient complaints early in the litigation. *See*, *e.g.*, *Bates v. Northwestern Human Services, Inc.*, 466 F.Supp.2d 69, 88-93 (D.D.C.2006); *Giuliano v. Fulton,* 399 F.3d 381, 388 (1st Cir. 2005); *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004); *Morre v. PaineWebber, Inc.*, 189 F.3d 165, 172-73 (2d Cir. 1999); *Menasco, Inc. v. Wasserman*, 886 F.2d 681, 684 (4th Cir. 1989). Defendants must be given "fair notice of the plaintiff's claims and the grounds therefore, so that they can frame their answers and defenses." *Bates*, 466 F.Supp.2d at 89 (*quoting, Fink v. Nat'l Sav. and Trust Co.*, 772 F.2d 951, 963 (D.C.Cir.1985).

To survive a motion to dismiss, allegations of mail and wire fraud must satisfy two elements, a scheme to defraud, and the use of the mails or wires for the purpose of executing that scheme. *Id.* at 89 (*quoting, United States v. Howard,* 245 F.Supp.2d 24, 31 (D.D.C.2003)(*quoting, United States v. Alston,* 609 F.2d 531, 536 (D.C.Cir.1979)). "In accordance with Rule 9(b), plaintiffs alleging fraud must further "state the time, place and content of the false misrepresentations, the fact misrepresented[,] and what was retained or given

13

up as a consequence of the fraud.'" *Id.* (*quoting, United States ex rel. Williams v. Martins-Baker Aircraft Co.,* 389 F.3d 1251, 1256 (D.C.Cir.2004); *see also, Intex Recreation Corp. v. Team Worldwide Corp.,* 390 F.Supp.2d 21, 24 (D.D.C.2005)(stating that "[the] particularity requirement of Rule 9(b) demands that the pleader specify what [fraudulent] statements were made and in what context, when they were made, who made them, and the manner in which the statements were misleading."). *Id.*

Plaintiffs' Complaint is the opposite from what is required for pleadings of this nature, and fails to set forth any allegations in short and plain statements, let alone with particularity. Because Rule 9(b) serves to protect defendants from frivolous accusations of moral turpitude, and suits brought for their nuisance value, Plaintiffs should be required to strictly comply with the rule. Indeed, Plaintiffs are accusing the collective Defendants of everything from acts of terrorism transcending national boundaries to attempted murder, but without one bit of factual support to back up those allegations. *United States ex rel Joseph v. Cannon,* 642 F. 2d 1373, 1385 (D.C. Cir. 1981). Thus, it is precisely these types of wild accusations that Rule 9(b) is meant to address.

This Court has previously stressed the serious nature of pleading allegations of terrorism and other atrocities similar to those alleged in the instant case. Although no heightened pleading standard was required under the facts of *Burnett*, this Court made very clear that complaints containing these types of allegations will be closely scrutinized. *See Burnett v. Al Baraka Investment and Development Corp.*, 274 F.Supp.2d 86, 103-04 (D.D.C.2003). "...[G]iven the extreme nature of the charge of terrorism, fairness requires extra-careful scrutiny of plaintiffs' allegations as to any particular defendant, to ensure that he - or it - does indeed have fair notice of

14

what the plaintiffs' claim is that the grounds upon which it rests, and that no inferences are accepted that are unsupported by the facts." *Id.* "...[I]t is difficult to imagine uglier or more serious charges than those the plaintiffs have leveled at these defendants. The use of the privileged medium of a lawsuit to publicly label someone an accomplice of terrorists can cause incalculable reputational damage...It is worth recalling that one of the reasons for Rule 9(b)'s heightened pleading standard in fraud cases was "the desire to protect defendants from the harm that comes to their reputations or to their goodwill when they are charged with serious wrongdoing...."" *Id.* at 103 (*quoting, Ross v. A.H. Robins Co., Inc.,* 607 F.2d 545, 557 (2d Cir.1979), *cert. denied*, 446 U.S. 946 (1980)).

Through this lawsuit, as well as the other suits aimed at these Defendants, including Case No. 07-01625 which is before this Court, these Plaintiffs are attempting to use the immunities afforded litigants to make outlandish allegations against the Defendants in retaliation for an attorney's attempts to collect a lawful debt, based upon a judgment of a United States District Court and ratified by a Court of Appeals. And they are doing so with zero evidence to support their claims. Their pleadings are public documents which are causing serious harm to the individuals and business named therein, including but not limited to reputation and economic harm. Unless Plaintiffs' Complaint can meet the standards required for such pleadings, it must be dismissed.

The Complaint for Equitable Lien on Real Property incorporates by reference Plaintiffs' Amended Complaint for Conspiracy Under Racketeering Influenced Criminal Organization Act [sic] filed as Case No. 07-01625. Defendants have already filed a Motion for a More Definite Statement as to the Amended Complaint in Case No. 07-01625, contending that it sets forth little

more than an incoherent mix of narrative, interlaced with improper legal conclusions and citations to state and federal case law, numerous federal statutes, the U.S. Constitution, and secondary sources, among other things. The new Complaint filed in this case, although purported to only demand a lien on real property, also seeks, among other things, seizure of assets, bank accounts, specific performance, and money damages. *See* Complaint. Although Plaintiffs cite numerous statutes and other authorities which they allege give them standing to bring forth their alleged claims, once the verbiage is parsed, there are really no facts to support their claims. Plaintiffs even go as far as to try and shift their burden of proof to Ms. Friedman, claiming that it is her burden to prove that she was not involved in "the SUA's cited in this Complaint or the aforementioned complaint." *See* Complaint at 4, ¶ E. Not only are Plaintiffs attempting to shift the burden of proof, Ms. Friedman is left to guess at whether Plaintiffs are now trying to add her as a party to Case No. 07-01625, a baseless and frivolous tactic.

To summarize some of the deficiencies in the Complaint, Defendants explain below. In Paragraph 13, Plaintiffs allege that the real property at issue "has been used and is being used for specified unlawful purposes..." but there are no alleged unlawful purposes stated. In Paragraph 14, Plaintiffs allege that there is "probable cause to believe that such offenses have been committed on that property..." but again, there are no facts to set forth any offenses. In Paragraph 16, Plaintiffs allege that the "aforementioned parties" have threatened to steal a number of things through fraud and conspiracy. However, they fail to allege any facts to show which Defendant(s) were allegedly involved, the date, time, place, manner, etc., leaving Defendants to guess as to which Defendant allegedly played what role.

In their "Statement of Fact," although Plaintiffs ramble on in much the same fashion,

there are no facts to support their allegations.  In Paragraph 22, Plaintiffs allege that "said RICO enterprises have committed these alleged acts," but no acts are set forth, let alone with particularity.  In Paragraph 24, Plaintiffs allege "wire fraud" that has allegedly taken place at the subject property.  Yet, no facts are stated in support.  In Paragraph 25, Plaintiffs allege that "wire systems" were used for "implied banking threats of murder, and threats of kidnapping or other violent acts through interstate telephone calls..." but again, there are no facts stated as required.

In Paragraph 26, Plaintiffs allege that Mr. Friedman and Ms. Friedman have "received income from Weinstock, Friedman & Friedman, P.A., for the numerous RICO acts formed through wire fraud....[and] conspiracy..." yet there are no facts to support these allegations.  In Paragraph 27, Plaintiffs allege that "Vijay Patel and Dilip Patel...have already stated...that they have given statements of their overt acts of conspiratorial activities [with Defendants]" yet there are no facts alleged to support this allegation.  Plaintiffs then qualify this allegation with their assurance that "[e]vidence of this conspiracy will be revealed by discovery and who represents Vijay Patel and Dilip Patel in court."  However, these individuals are not even parties to this case, and the Rules require that Defendants be put on notice of Plaintiffs claims now.  Rule 9(b) "attempts in part to prevent the filing of a complaint as a pretext for the discovery of unknown wrongs." *Kowal v. MCI Communications Corp.,* 16 f.3d 1271, 1279 N.3 (D.C.Cir.1994).

In Paragraph 28, Plaintiffs allege "criminal activities of this RICO group of RICO criminals are the crimes that they have conspired to commit against the United States."  There are no facts to support this allegation and it makes no sense.  In Paragraph 29, Plaintiffs allege that "Sidney S. Friedman has appeared in the State court to make sure that the conspiracies are completed as requested and the transcripts reflect this prejudice...."  There are no facts to support

this allegation, and the allegation makes no sense.

In Paragraph 32, Plaintiffs allege that the Defendants "know that they have executed feloniously obtained judgments through fraud and conspiracy and the Plaintiffs have obtained the necessary evidence of these criminal acts...." Not only are there no facts to support these allegations, and assuming that the Plaintiffs are referring to the judgment referenced above, that was entered in the United States Federal District Court for the Eastern District of Virginia, their allegations are a total misrepresentation of fact. Not only was judgment entered in favor of Mr. Shi and Ms. Fan in Case No. 04-1379, that judgment was affirmed by the 4th Circuit, following Plaintiffs' appeal in Appeal No. 05-1858. *See* Exhibits 1 and 2.

In Paragraph 40, Plaintiffs allege that "monetary claims are being demanded by the Plaintiffs in this 'Complaint for Equitable Lien on Real Property' due to the newly discovered evidence which substantiates the Plaintiffs' claims of patterns of racketeering activities...." Not only does this not make sense legally, there are no facts to support this allegation. Although they cite statutes, Plaintiffs fail to set forth one fact in support.

Beginning on page 23, Plaintiffs' allegations become even more preposterous, yet these allegations are among the most serious and blatant abuses of the immunity protections for statements contained in court filings. In Paragraph 46, Plaintiffs allege that Defendants "have threatened to commit or have committed" criminal acts, including "conspiracy to commit murder... and kidnapping...through wire fraud...." Again, Plaintiffs do not set forth any facts to support these allegations; no Defendant is specified, no dates given, no particulars whatsoever. In Paragraphs 47 and 48, Plaintiffs label Defendants as "domestic terrorists" and claim that they "operate as a domestic terrorist group." In Paragraph 49, Plaintiffs allege that their laundry list of

18

criminal acts "committed through RICO violations were revealed in Case No. 07-1625 in this United States District Court," however, nothing has been "revealed" in that case, and Plaintiffs statement is a misrepresentation of facts regarding the status of the other case. Even more incredulous are Plaintiffs' allegations that Defendants have joined some alleged "known Al Qaeda associates, [and] they are now part of the terrorist acts planned against the United States which are violations of the Patriot Act...." *See* Paragraph 50. Not only are these statements not supported by any fact, they are sanctionable, which will be addressed by Mr. Friedman and Ms. Friedman through the appropriate means in this Court, and in conjunction with the other Defendants in Case. No. 07-01625.

As explained above, Plaintiffs' Complaint for Equitable Lien on Real Property is woefully inadequate in terms of meeting the pleading requirements of Rule 9(b). The Complaint is replete with allegations of fraud, wire fraud, and mail fraud, yet none of the allegations set forth any details of the alleged conduct complained of with any particularity. It is well-settled law in this Circuit that where fraud is alleged to be the basis of predicate racketeering activities, a complaint is subjected to the heightened pleading requirements of Rule 9(b). *Bates*, 446 F.Supp. at 88. This necessarily mandates that in order for their Complaint to survive a 12(b)(6) Motion, these Plaintiffs must give Defendants fair notice of their claims and the <u>grounds</u> those claims are based upon, by disclosing all the details of the alleged conduct complained of. *Id.* at 89. This would include, for example, the specific Defendant alleged to have engaged in the conduct, the dates, content of conversations, time, place and content of any false misrepresentations, the fact misrepresented, how Plaintiffs were deceived by the alleged misrepresentations, and what was retained or given up as a consequence of the fraud. *Id.* Because Plaintiffs' Complaint fails to

19

meet the heightened pleading requirements of Rule 9(b) in every respect, it must be dismissed.

Furthermore, in their Complaint, Plaintiffs rely upon various criminal statutes. *See e.g.,*

Complaint at ¶¶ 4, 5, 6, 7, and elsewhere in their Complaint. To the extent that any of Plaintiffs'

claims are brought pursuant to a criminal statute, they must be dismissed. *Prunte v. Universal*

*Music Group,* 484 F.Supp.2d 32, 42-43 (D.D.C.2007). "This Court...will not imply a private

right of action into any of the criminal statutes...that do not provide an express private right of

action." *Id.* at 43. Furthermore, in support of some of the relief they seek, Plaintiffs cite to cases

which were criminal cases brought by the United States, which should have no bearing on a

determination in this case. Complaint at ¶¶ 72 - 88.


### B.  PLAINTIFFS HAVE FAILED TO COMPLY WITH LOCAL RULE 11.1


In the caption of their Complaint, Plaintiffs list their address as 2300 M Street, N.W.,

Suite 838, Washington, D.C. 20037. *See* Complaint. In the body of their Complaint, they also

allege that this is their "address." *See* Complaint at ¶¶ 1, 2. Conspicuously absent from these

paragraphs, however, is the statement that this address is where Plaintiffs reside. Pursuant to

Local Rule 11.1, the Plaintiffs were required to list their "full residence address" and their

telephone number in the caption of their Complaint. Plaintiffs failed to do so. As is evidenced

on page 49, Plaintiffs indicate that this is the address of the "OFFICES OF SAMUEL K.

JACOBS." Upon information and belief, 2300 M Street is an office building. It is not a

residence. As such, Plaintiffs' pleading 2300 M Street as their address is misleading, and should

not be permitted. Plaintiffs should be required to note their "full residence address" and their

telephone number, as is required, or their case should be dismissed for failure to provide this information.  Local Rule 11.1 states that "failure to provide the address information within 30 days upon filing may result in the dismissal of the case...."  Local Rule 11.1.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint for Equitable Lien on Real Property should be dismissed for failure to state a claim.  This latest filing by these Plaintiffs is a duplicitous and vexatious document.  Their Complaint fails to comply with the requirements of the Federal Rules, and there is no equitable remedies available to them under the civil RICO statute.  Additionally, Plaintiffs are improperly shifting the burden of proof to a Defendant. Accordingly, Plaintiffs' Complaint should be dismissed in its entirety with prejudice.

## Points and Authorities

### Federal Rules of Civil Procedure

1.    Federal Rule of Civil Procedure 8(a)(2).

2.    Federal Rule of Civil Procedure 9(b).

3.    Federal Rule of Civil Procedure 12(b)(6).

4.    Federal Rule of Civil Procedure 64.

5.    Federal Rule of Civil Procedure 12(b)(6).

6.    Federal Rule of Civil Procedure 65.

7.    United States District Court for the District of Columbia Local Rule 11.1.

21

**Federal Statutes**

1.    Title 18 U.S.C.A. § 1964.

**District of Columbia Code**

1.    District of Columbia Official Code § 16-501.

**Cases**

1.    *Aetna Casualty & Sur. Co. v. Liebowitz,* 570 F.Supp. 908 (E.D.N.Y.1983).

2.    *Ashland Oil, Inc. v. Gleave*, 540 F.Supp. 81 (D.C.N.Y.1982).

3.    *Bates v. Northwestern Human Services, Inc.*, 446 F.Supp.2d 69 (D.D.C. 2006).

4.    *Bell Atlantic Corp. v. Twombly*, __U.S.__, 127 S.Ct. 1955 (2007).

5.    *Bennett v. Berg,* 685 F.2d 1053 (8th Cir.1982).

6.    *Burnett v. Al Baraka Investment and Development Corp.*, 274 F.Supp.2d 86

      (D.D.C.2003).

7.    *Caldwell v. District of Columbia*, 901 F.Supp. 7 (D.D.C.1995).

8.    *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290 (D.C.Cir.2006).

9.    *Crisafi v. Holland*, 655 F.2d 1305 (D.C.Cir.1981).

10.   *Dan River, Inc. v. Icahn,* 701 F.2d 278 (4th Cir.1983).

11.   *Elemary v. Philipp Holzmann A.G.,* __F.Supp.2d__, 2008 WL 316376 (D.D.C. 2008).

12.   *Fanning v. High Mountain Inspection Services, Inc.*, 520 F.Supp.2d 55 (D.D.C.2007).

13.   *Fink v. Nat'l Sav. and Trust Co.*, 772 F.2d 951 (D.C.Cir.1985).

14.   *First Nat'l Bank and Trust Co. v. A.L. Hollingsworth,* 701 F.Supp. 701 (W.D.Ark.1988).

15.    *Giuliano v. Fulton*, 399 F.3d 381 (1st Cir. 2005).

16.    *Great-West Life & annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002).

17.    *In re Fredeman Litigation,* 843 F.2d 821 (5thCir.1988).

18.    *Intex Recreation Corp. v. Team Worldwide Corp.,* 390 F.Supp.2d 21 (D.D.C.2005).

19.    *Katz v. Georgetown Univ.,* 246 f.3d 685 (D.C.Cir.2001).

20.    *Kaushal v. State Bank of India*, 556 F.Supp. 576 (D.C.Ill.1983).

21.    *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375 (1994).

22.    *Kowal v. MCI Communications Corp.*, 16 F.3d 1271 (D.C.Cir.1994).

23.    *Lincoln House, Inc. v. Dupre,* 903 F.2d 845 (1stCir.1990).

24.    *Lum v. Bank of America*, 361 F.3d 217 (3d Cir. 2004).

25.    *Menasco, Inc. v. Wasserman*, 886 F.2d 681 (4th Cir. 1989).

26.    *Mertens v. Hewitt Associates*, 508 U.S. 248 (1993).

27.    *M.K. v. Tenet*, 99 F.Supp.2d 12 (D.D.C.2000).

28.    *Miller v. Affiliated Fin. Corp.,* 600 F.Supp. 987 (N.D.Ill.1984).

29.    *Morre v. PaineWebber, Inc.*, 189 F.3d 165 (2d Cir. 1999).

30.    *Prunte v. Universal Music Group*, 484 F.Supp.2d 32 (D.D.C.2007).

31.    *Religious Tech. Ctr. v. Wollersheim,* 796 F.2d 1076 (9thCir.1986), *cert. denied*, 479 U.S. 1103 (1987).

32.    *R.J. Reynolds Tobacco Co. v. Market Basket Food Stores, Inc.,* Not Reported In F.Supp.2d, 2007 WL 319965 (W.D.N.C.2007).

33.    *Ross v. A.H. Robins Co., Inc.,* 607 F.2d 545 (2d Cir.1979), *cert. denied*, 446 U.S. 946 (1980).

34.    *Sedima S.P.R.L. v. Imrex, Co., Inc.,* 473 U.S. 479 (1985).

35.    *Trane Co. v. O'Connor Securities,* 718 F.2d 26 (2d Cir.1983).

36.    *United States v. Alston,* 609 F.2d 531 (D.C.Cir.1979).

37.    *United States v. Howard,* 245 F.Supp.2d 24 (D.D.C.2003).

38.    *United States ex rel Joseph v. Cannon*, 642 F. 2d 1373 (D.C. Cir. 1981).

39.    *United States v. Philip Morris USA, Inc.,* 396 F.3d 1190 (C.A.D.C.2005).

40.    *United States ex rel. Williams v. Martins-Baker Aircraft Co.,* 389 F.3d 1251

        (D.C.Cir.2004).

41.    *Vietnam Veterans of America, Inc. v. Guerdon Ind.,* 644 F.Supp. 951 (D.Del.1986).

_____Respectfully submitted,


/s/    Sidney S. Friedman
Sidney S. Friedman
DC Federal Bar No.: 464753

Weinstock, Friedman & Friedman, P.A.
4 Reservoir Circle
Baltimore, Maryland 21208
(410) 559-9000
(410) 559-9009 Fax
ssf@weinstocklegal.com

Attorneys for Defendants

24

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 17th day of March 2008, a copy of the foregoing Defendants' Motion to Dismiss and a Proposed Order, were electronically filed, and was also sent first class mail, postage prepaid to: Samuel K. Jacobs, 2300 M Street, N.W., Suite 838, Washington, D.C. 20037, and Nancy Heckerman, 2300 M Street, N.W., Suite 838, Washington, D.C. 20037.


/s/    Sidney S. Friedman

Weinstock, Friedman & Friedman, P.A.
4 Reservoir Circle
Baltimore, Maryland 21208

25

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
Civil Division

| | | |
|---|---|---|
| **SAMUEL K. JACOBS, et al** | * | |
| | * | |
| **Plaintiffs** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **FRIEDMAN, et al** | * | |
| | * | |
| **Defendants** | * | **Case No.: 1:07-CV-2057** |
| | * | |

*****************************************************************************

### (Proposed) ORDER

Upon consideration of Defendants' Motion to Dismiss, and any response thereto, it is this
_____ day of _____, 2008, hereby

**ORDERED**: That Defendants' Motion to Dismiss is hereby **GRANTED**; and it is further

**ORDERED**: That _____

_____ .

_____          _____
Date                                 United States District Court Judge for the
                                     District of Columbia