IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **SAMUEL K. JACOBS, et al** | * | |
| | * | |
|     **Plaintiffs** | * | |
| | * | |
|  **v.** | * | |
| | * | |
| **FRIEDMAN, et al** | * | |
| | * | |
|     **Defendants** | * | Case No.: 1:07-CV-2057 |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**DEFENDANTS' REPLY**
**TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS**</u>

    NOW COMES, Sidney S. Friedman and Frances S. Friedman, by and through their attorneys, Sidney S. Friedman & Weinstock, Friedman & Friedman, P.A., and pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(6), herein replies to Plaintiffs' Response to their Motion to Dismiss as follows:

    1.    Plaintiffs have failed to state anything sufficient to overcome Defendants' Motion to Dismiss; they have presented no new facts or support for the relief that they seek.

    2.    Therefore, Plaintiffs' claims fail as a matter of law and must be dismissed.

    3.    To the extent that Plaintiffs' Complaint for Equitable Lien on Real Property incorporates by references the allegations contained in their Amended Complaint in Case No. 07-01625, for the same reasons as is set forth herein, the collective Defendants request that Case No. 07-01625 also be dismissed with prejudice for a failure to state a claim.

WHEREFORE, Sidney S. Friedman, and Frances S. Friedman, Defendants, request this Honorable Court to:

    A.    Dismiss Plaintiffs' Complaint for Equitable Lien on Real Property with prejudice;

    B.    Grant Defendants attorneys fees and costs;

    C.    Other and such further relief as this Court deems proper.

Respectfully submitted,

/S/ Sidney S. Friedman
Sidney S. Friedman
DC Federal Bar No.: 464753

Weinstock, Friedman & Friedman, P.A.
4 Reservoir Circle
Baltimore, Maryland 21208
(410) 559-9000
(410) 559-9009 Fax
ssf@weinstocklegal.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **SAMUEL K. JACOBS, et al** | * | |
| | * | |
| **Plaintiffs** | * | |
| | * | |
| v. | * | |
| | * | |
| **FRIEDMAN, et al** | * | |
| | * | |
| **Defendants** | * | Case No.: 1:07-CV-0257 |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
REPLY**</u>

Plaintiffs have failed to present any new facts or authority to warrant the relief that they seek.  Although the Court does construe the complaint liberally in favor of a plaintiff, in this case, Plaintiffs have still not set forth a complaint sufficient to overcome Defendants' Motion to Dismiss.  Indeed, the Court is not required to accept inferences based upon a plaintiff's allegations if those inferences are unsupported by the facts as alleged, nor is the Court required to accept a plaintiff's legal conclusions that are "couched as factual allegations."  *Bates v. Northwestern Human Services, Inc.*, 446 F.Supp.2d 69, 77 (D.D.C. 2006); *see also Id.*  "Bare conclusions of law and sweeping and unwarranted averments of fact will not be deemed admitted" for the purposes of a Rule 12(b)(6) motion.  *Bates v. Northwestern Human Services, Inc.*, 446 F.Supp.2d at 77 (*citing, M.K. v. Tenet*, 99 F.Supp.2d 12, 17 (D.D.C.2000).

Furthermore, Plaintiffs' attempt to tie Mr. Shi, and Ms. Fan to unsupported claims of alleged indictments of Chinese spies is beyond outrageous, and is sanctionable.  Likewise are

3

Plaintiffs' allegations that Mr. Friedman is tied to international terrorists. These types of statements are continuations of the other scandalous statements that Plaintiffs have filed in their Complaint, and all other documents in the related cases. The collective Defendants in this case, as well as in the other related cases, are taking these types of scurrilous allegations seriously, and do intend to take appropriate action at the proper time. At the present time, however, they request the Court to strike these types of statements from Plaintiffs' court filings.

     As stated in one of the related cases, the Court has "liberal discretion" to strike from a pleading, any matter that is immaterial, impertinent, or scandalous. *Pigford v. Veneman*, 215 F.R.D. 2 (2003) (*citing, Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir.2000); Fed. R. Civ. Proc. Rule 12(f). Although motions to strike tend to be disfavored by the courts, such a motion should be granted if the moving party can establish that the allegations "have no possible relation to the controversy and may cause prejudice to one of the parties." *See, Graff v. Prime Retail, Inc.,* 172 F.Supp.2d 721, 730 (D.Md.2001)(*quoting,* 5A WRIGHT & MILLER, Federal Practice and Procedure § 1382 (2d ed.1990). The word "scandalous" in this context, refers to "any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *Pigford*, 215 F.R.D. 2, *quoting,* 2 MOORE'S FEDERAL PRACTICE § 12.37 at 12-97; *see also, Cobell v.* Norton, 377 F.Supp. 2d 4 (2005; Judicial *Watch, Inc. v. United States Dept. of Commerce*, 224 F.R.D. 261 (2004); *Wiggins v. Philip Morris, Inc.*, 853 F.Supp. 457 (1994). These types of wild allegations are exactly the type of material that warrants striking, as they most certainly detract from the dignity of this Court, and are causing monetary and reputation damage to Mr. Friedman, Ms. Friedman, Mr. Shi and Ms. Fan.

Additionally, upon review of cases cited by Plaintiffs, it appears that Plaintiffs have made misleading statements in their Response. For example, on pages 12 -13 in their Memorandum, Plaintiffs refer the Court to *National Organization for Women, Inc. v. Scheidler*, 510 U.S. 249 (1994). After the cite, there is a blocked paragraph, normally used to repeat a lengthy quote from a case. However, Defendants are unable to locate this passage in the *National Organization for Women* case, which actually addresses whether RICO requires that conduct be motivated by an economic purpose. *National Organization for Women*, 510 U.S. at 262. In a later case involving the same parties, following the remand and appeal, the Supreme Court specifically declined to address the question of whether a private plaintiff is entitled to injunctive relief under 18 U.S.C. § 1964. *See National Organization for Women, Inc. v. Scheidler*, 537 U.S. 393, 411 (2003). Likewise, in Paragraph 35, Plaintiffs recite a quotation that they state is contained in, *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 90 (1998). Defendants have reviewed this case, and cannot locate the sentence quoted by Plaintiffs. Similarly, in Paragraph 36, Plaintiffs first misquote Defendants' "assertion" in their Motion to Dismiss, by stating that Defendants contend that "it was the intention of Congress that there should be no private remedies...." This statement is not what Defendants stated in their Memorandum in support of Motion to Dismiss. Furthermore, Defendants have reviewed the case cited by Plaintiffs, and it does not stand for the proposition as stated by Plaintiffs. *Solid Waste Agency of North Cook County v. United States Army Corps of Engineers,* 531 U.S. 159 (2001). Although not germane to this argument, the passage cited to by Plaintiffs is referring to the case-specific recognition of Congress' acquiescence to administrative interpretations of some statutes. *Id.* at 170. This is hardly applicable to the present case, and Defendants find no other relevance to the present case. In any

event, the propositions set forth by Defendants in their Motion to Dismiss were not "completely struck down" by *Solid Waste Agency of North Cook County*. All of this leads Defendants to question what other legal conclusions and quotations cited by Plaintiffs in not only their Response, but in their other court filings, are incorrect and/or misleading.

For the foregoing reasons, and for the reasons set forth in Defendants' Motion to Dismiss, Plaintiffs' Complaint for Equitable Lien on Real Property should be dismissed for failure to state a claim. This latest filing by these Plaintiffs is a duplicitous and vexatious document which fails to comply with the requirements of the Federal Rules. There is no equitable remedies available to these Plaintiffs under the civil RICO statute. Additionally, Plaintiffs are improperly shifting the burden of proof to a Defendant. Accordingly, Plaintiffs' Complaint should be dismissed in its entirety with prejudice.

**Points and Authorities**

1. Federal Rules of Civil Procedure, Rules 12(b)(6); 12(f).

2. *Bates v. Northwestern Human Services, Inc.*, 446 F.Supp.2d 69 (D.D.C. 2006).

3. *Cobell v.* Norton, 377 F.Supp. 2d 4 (2005).

4. *Graff v. Prime Retail, Inc.,* 172 F.Supp.2d 721 (D.Md.2001).

5. *Judicial Watch, Inc. v. United States Dept. of Commerce*, 224 F.R.D. 261 (2004).

6. *M.K. v. Tenet*, 99 F.Supp.2d 12, 17 (D.D.C.2000).

7. *National Organization for Women, Inc. v. Scheidler*, 510 U.S. 249 (1994).

8. *National Organization for Women, Inc. v. Scheidler*, 537 U.S. 393, 411 (2003).

9. *Pigford v. Veneman*, 215 F.R.D. 2 (2003).

10. *Solid Waste Agency of North Cook County v. United States Army Corps of Engineers,* 531 U.S. 159 (2001).

11. *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir.2000)

12. *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 90 (1998).

13. *Wiggins v. Philip Morris, Inc.*, 853 F.Supp. 457 (1994).


Respectfully submitted,


/s/   Sidney S. Friedman
Sidney S. Friedman
DC Federal Bar No.: 464753

Weinstock, Friedman & Friedman, P.A.
4 Reservoir Circle
Baltimore, Maryland 21208
(410) 559-9000
(410) 559-9009 Fax
ssf@weinstocklegal.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY, that on this 2nd day of April 2008, a copy of the foregoing Defendants' Reply to Plaintiffs' Response to Motion to Dismiss, was electronically filed, and was also sent first class mail, postage prepaid to: Samuel K. Jacobs, 2300 M Street, N.W., Suite 838, Washington, D.C. 20037, and Nancy Heckerman, 2300 M Street, N.W., Suite 838, Washington, D.C. 20037.


/s/    Sidney S. Friedman

Weinstock, Friedman & Friedman, P.A.
4 Reservoir Circle
Baltimore, Maryland 21208